[No. 13421.   Department One. — January 15, 1890.]

W. M. SMITH, RESPONDENT, v. J. M. TAYLOR, APPELLANT.

SPECIFIC PERFORMANCE — STATUTE OF FRAUDS — PLEADING. — The ordinary rule that where it is alleged that a contract was made for the sale of lands, it will be assumed, if nothing else appears, that the agreement was in writing, does not apply, when it is expressly stated in the answer and cross-complaint of a defendant who is sued for the recovery back of purchase-money paid upon a written contract of sale, on account of a failure of title, that a portion of the contract which he seeks specifically to enforce was a parol agreement made subsequent to the written agreement sued upon.

ID. — ORAL MODIFICATION OF WRITTEN CONTRACT — SUBSEQUENT ORAL AGREEMENT — EVIDENCE. — An unexecuted oral agreement altering or modifying a written contract for the sale of lands is void under section 1698, Civil Code; and a subsequent oral agreement for the sale of lands, made after a written agreement for such sale had ceased and determined by its own terms and by the acts of the parties under it, must stand or fall by itself, and is void, under section 1624, Civil Code. It is not error to exclude evidence of such oral agreement.

ID. — MUTUALITY OF PERFORMANCE — TENDER OF SUFFICIENT DEED — ABILITY TO PERFORM — PLEADING — GENERAL DEMURRER. — When the party seeking a specific performance could not, even if so commanded by the court, specifically perform the terms of the agreement on his part, he is not entitled to a decree for specific performance against the opposite party. A cross-complaint for specific performance which fails to show that the defendant had tendered a deed conveying the title he had agreed to convey, or that he could convey such title, and which shows affirmatively that the abstract of title which he had agreed to furnish did not show good title, or that he had made or could make it good, is bad on general demurrer.

ID. — UNCERTAINTY OF CONTRACT — PLEADING — DEMURRER FOR AMBIGUITY AND UNCERTAINTY. — If the contract is vague and uncertain, the court will not decree a specific performance, but will leave the party to his remedy at law. A pleading which seeks a specific performance is subject to a special demurrer as being indefinite, ambiguous, and uncertain, if it does not allege how or when conveyance of title was to be made, or how the deferred payments were to be evidenced or secured, or what

were the precise terms of an agreement as to the assumption of mort-gages.

ID. — CONSTRUCTION OF CONTRACT OF SALE — FURNISHING ABSTRACT OF TITLE — CONDITION FOR GOOD TITLE — RECLAIMING PURCHASE-MONEY — ADVERSE CLAIMS — EVIDENCE ALIUNDE. — When a contract for the sale of land provides that an abstract of title is to be delivered by the vendor, the title to prove good, or no sale, and purchase-money paid to be refunded, the only fair interpretation of the contract is, that a full abstract of title is to be furnished, which must show good title on its face, in order to bind the contract of sale; and if such abstract does not show a good record title, the purchaser is not bound to make any investigation outside of the abstract, or to take the chances of any litigation which the abstract showed to be either pending or probable; and evidence *aliunde* is not admissible, in an action to recover back the purchase-money paid, to show that the claims of persons who appeared by the abstract of title to be asserting adverse title to the land, and who had suits pending regarding the same, were groundless. Nor is evidence admissible to show a subsequent oral agreement, after the delivery and examination of the abstract, that defendant was to quiet title against such adverse claimants, and that the sale was to be then completed, and that defendant's title had since been quieted as agreed.

ID. — PAROL AGREEMENT AS TO SUBMISSION OF ABSTRACT — EVIDENCE. — When a certificate of title is furnished by the vendor, instead of an abstract of title, as agreed in the written contract of sale, evidence on the part of the purchaser as to a parol agreement that an abstract should be furnished instead, and submitted to the decision of a specific attorney as to whether it showed good title or not, cannot be objected to on the ground that it is incompetent to change the terms of the written contract. Such evidence, if irrelevant and immaterial, could work no injury to the vendor if the abstract did not in fact show a good record title.

ID. — MERGER OF PAROL AGREEMENT — ASSUMPTION OF ENCUMBRANCES — EVIDENCE. — When parties reduce their agreement to writing, the writing supersedes all other understandings or agreements between the parties on that subject. Evidence is not admissible to prove a parol agreement at the time of a written contract for the sale of lands, as to the knowledge and assumption by the purchaser of encumbrances not specified in the written contract.

ORDER SUSTAINING DEMURRER — LEAVE TO AMEND. — It is not error in an order sustaining a demurrer to omit to say anything about leave to amend, if the party whose pleading was demurred to did not ask for such leave or for any order on the subject.

FINDINGS — MODIFICATION — DOUBLE FINDINGS. — While a court cannot change its findings after the entry of judgment without granting a new trial, and doing it upon new trial, it does not follow that it may not make such modification or correction of its findings before judgment, as shall make them conform to the truth, and cover the issues in the case. If two sets of findings are filed before judgment, either of which is sufficient to sustain the judgment, it cannot be successfully objected that the court erred in filing the second set of findings.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Lee & Scott,* for Appellant.

In order to entitle the vendee to recover back a deposit or part of the purchase-money, there must be a failure of title. In such an action it is necessary to allege and prove, not only that the vendor had no title, but also that the paramount title is in another. (*Thayer* v. *White,* 3 Cal. 228; *Riddell* v. *Blake,* 4 Cal. 264; *Bolton* v. *Branch,* 22 Ark. 435; *Winter* v. *Stock,* 29 Cal. 408; 89 Am. Dec. 57; Chitty on Contracts, 275; *Ingalls* v. *Hahn,* 47 Hun, 104; *Walker* v. *Towns,* 23 Ark. 147; *Freetly* v. *Barnhart,* 51 Pa. St. 279.) Doubtful titles are not recognized in such an action at law. (*Romilly* v. *James,* 6 Taunt. 274; *Kent* v. *Allen,* 24 Mo. 98; *Crawford* v. *Murphy,* 22 Pa. St. 84; *Freetly* v. *Barnhart,* 5 Pa. St. 279; *Maberly* v. *Robbins,* 5 Taunt. 626.) In suits for specific performance, the title need only be free from reasonable doubt. (Civ. Code, sec. 3384; Pomeroy on Specific Performance, secs. 204, 205; *Middleton* v. *Findla,* 25 Cal. 80.) The title may rest on refutable presumptions and be aided by parol proof. (*Cherry* v. *Davis,* 59 Ga. 454; *Walker* v. *Towns,* 23 Ark. 147; *Murray* v. *Harway,* 56 N. Y. 337; *Allen* v. *Phillips,* 2 Litt. 1; *Grant* v. *Wasson,* 6 J. J. Marsh. 618; *Pratt* v. *Ely,* 67 Pa. St. 396; *Winter* v. *Stock,* 29 Cal. 408; 89 Am. Dec. 57; *Welch* v. *Dutton,* 79 Ill. 465.) A purchaser who subsequently negotiates for a continuance of the contract waives all right to rescind in view of facts before known. (*Griggs* v. *Woodruff,* 14 Ala. 16; *Goddin* v. *Vaughn,* 14 Gratt. 102; *Newell* v. *Turner,* 9 Port. 420; *Pollard* v. *Rogers,* 4 Call, 239; Pomeroy on Specific Performance, sec. 418, note 3, sec. 171; *Rohr* v. *Kindt,* 3 Watts & S. 563; 39 Am. Dec. 53; *Tison* v. *Smith,* 8 Tex. 147; *Fortune* v.

*Watkins*, 94 N. C. 304; *Beck* v. *Simmons*, 7 Ala. 71; *Baldridge* v. *Cook*, 27 Tex. 570; *Greenleaf* v. *Cook*, 2 Wheat. 13; *Taylor* v. *Johnson*, 19 Tex. 351; *Hill* v. *Mooney*, 7 La. Ann. 290; *Walker* v. *Towns*, 23 Ark. 147; *Goddin* v. *Vaughn*, 14 Gratt. 102.) It was sufficient if defendant could furnish a title at the time that plaintiff was entitled to call for a deed. (Pomeroy on Specific Performance, secs. 166, 341, 342, 421; *More* v. *Smedburgh*, 8 Paige, 600; *Duncan* v. *Charles*, 5 Ill. 561; *Greenby* v. *Cheevers*, 9 Johns. 126; *Tiernan* v. *Roland*, 15 Pa. St. 429; *Bolton* v. *Branch*, 22 Ark. 435.) And before plaintiff could rescind for want of title, he was bound to tender the balance of the purchase-money and demand a deed. (*Englander* v. *Rogers*, 41 Cal. 420; *Sennett* v. *Shehan*, 27 Minn. 328; *Hunter* v. *Goudy*, 1 Ohio, 449; *Hunter* v. *O'Neil*, 12 Ala. 37; *Ellis* v. *Hoskins*, 14 Johns. 263.) Where the terms of a contract are general, and subordinate details can be supplied by intendment of law, it is sufficiently certain. (Pomeroy on Specific Performance, secs. 85, 161; *Atwood* v. *Cobb*, 16 Pick. 227; 26 Am. Dec. 657; *Moss* v. *Atkinson*, 44 Cal. 3; *Wiley* v. *Robert*, 31 Mo. 212; *Joseph* v. *Holt*, 37 Cal. 250; *Karns* v. *Olney*, 80 Cal. 90.) But even if the contract were void for uncertainty, plaintiff could not recover back the deposit while defendant was able and willing to comply with the terms of the oral agreement. (*Crabtree* v. *Wells*, 19 Ill. 55; *Venable* v. *Brown*, 31 Ark. 564; *Hanschild* v. *Stafford*, 5 Iowa, 428; *Lane* v. *Shackford*, 5 N. H. 130.) The parties may agree orally to do anything necessary to carry out the original contract which does not change it, but only points out a means of effectuating their intention; and such parol agreement may be made at the time of the execution of the written contract, or afterwards, for these purposes, if it does not change or rescind the writing. (*Waugenheim* v. *Graham*, 39 Cal. 169; *Hearst* v. *Pujol*, 44 Cal. 230; *Hewlett* v. *Miller*, 63 Cal. 185; *Barsolou* v. *Newton*, 63 Cal. 223; *Joslyn* v. *Taylor*, 33 Vt. 470; *Reed* v. *Chambers*, 6

Gill & J. 490; *Devling* v. *Little,* 26 Pa. St. 502; *Beck* v. *Simmons,* 7 Ala. 71; *Karker* v. *Haverly,* 50 Barb. 79.)

*Owens & Woodward,* for Respondent.

A defective record title is not marketable. (*Turner* v. *McDonald,* 76 Cal. 177; *Pyrke* v. *Waddingham,* 10 Hare, 1; *Richmond* v. *Gray,* 3 Allen, 26.) Specific performance will never be decreed at the suit of a vendor whenever the doubt concerning his title is one which can only be settled by further litigation. A vendee will not be compelled to buy a lawsuit. (*Gans* v. *Renshaw,* 2 Pa. St. 34; 44 Am. Dec. 152; *Richmond* v. *Gray,* 3 Allen, 26; *Pyrke* v. *Waddingham,* 17 Eng. L. & Eq. 538; approved in *Calland* v. *Sampson,* 21 Eng. L. & Eq. 352; *Ludwick* v. *Huntsinger,* 5 Watts & S. 58; *Sturtevant* v. *Jacques,* 14 Allen, 523; Fry on Specific Performance, sec. 579; *Judson* v. *Wass,* 11 Johns. 525; 6 Am. Dec. 392; Hilliard on Vendors, 210, 212, 217, 219, 220; *Bumberger* v. *Clippinger,* 5 Watts & S. 311; *Sharp* v. *Adcock,* 4 Russ. 374.) What absolves a vendee in equity will discharge him at law from responsibility upon a contract to buy. (*Schroeder* v. *Wittram,* 66 Cal. 638; Pomeroy on Remedies, secs. 87 et seq.; Code Civ. Proc., sec. 307; *Grain* v. *Aldrich,* 38 Cal. 519; *Dobson* v. *Pearce,* 12 N. Y. 156; 62 Am. Dec. 152.) A written contract cannot be modified by an unexecuted oral agreement. (Civ. Code, sec. 1698; *Baldridge* v. *Cook,* 27 Tex. 370; *Taylor* v. *Soldati,* 68 Cal. 28; *Erenberg* v. *Peters,* 66 Cal. 115.) Merely paying out money to quiet title is not a sufficient part performance. (*O'Reilly* v. *Thompson,* 2 Cox, 271; Hilliard on Vendors, 149; *Printup* v. *Mitchell,* 17 Ga. 558; 63 Am. Dec. 218; *Edwards* v. *Estell,* 48 Cal. 194; Pomeroy on Specific Performance, sec. 105.) The cross-complaint is too indefinite, uncertain, and incomplete, as it does not allege how or when conveyance of title was to be made. (*Agard* v. *Valencia,* 39 Cal. 300; Hilliard on Vendors, 439; *Magee* v. *McManus,* 70 Cal. 553; *Minturn* v. *Baylis,* 33 Cal. 133; *Sturgis* v.

*Galindo*, 59 Cal. 28.)   Nor does the agreement alleged contain the substantial terms of a completed contract. (Pomeroy on Specific Performance, sec. 86.)   The cross-complaint is demurrable for want of equity, as it shows a rescinded contract, owing to defendant's inability to give title.   (*George* v. *Conhaim*, 37 N. W. Rep. 791; *Reid* v. *Noe*, 9 Yerg. 283.)   There is no mutuality of remedy. (Pomeroy on Specific Performance, sec. 162; *Sturgis* v. *Galindo*, 59 Cal. 28.)

Fox, J. —Judgment for plaintiff, motion for new trial denied, and defendant appeals from both judgment and order.

The complaint is in three counts.   The first is for the recovery of five hundred dollars, money paid on account of the purchase of an interest in certain lands, under an agreement that if upon examination of abstract it was found that title was not good the money was to be refunded, and alleging that upon such examination it was found that the title was not good; the second, upon the common count for money had and received; and the third, for the recovery of the same money upon an alleged parol agreement to repay the same and rescind the contract mentioned in the first count.   Upon the trial the claim under the third count was abandoned, and no findings are presented on the issues presented by said third count and the answer thereto.

The answer admits the making of the contract set out in the complaint, and the receipt of the five hundred dollars on account of the same, but contains numerous denials going to the legal effect and meaning of the contract, and then proceeds to deny that the title as shown by the abstract furnished by defendant was defective, and alleges that such title was good and valid; and follows with a statement of the facts shown by the abstract upon which defendant says plaintiff bases the claim that said title was not good, and to claim there-

from that the objections made by plaintiff were groundless; also sets out that as to certain encumbrances found to exist upon the property, other than the one provided for in the written contract, they were known to the plaintiff at the time of the contract, and that in regard to them certain oral agreements were made that are not set out in the written agreement. Defendant further alleges that after the making of the written agreement, and the delivery and examination of the abstract, a certain parol agreement was made between the parties, under which the defendant was to quiet his title against certain adverse claimants, or parties who seemed to be such, and that upon this being done the sale should be completed as contemplated in the original and written agreement, and that he, defendant, had duly performed the conditions of this subsequent parol agreement on his part. His answer to the second and third counts of the complaint consist of denials, putting in issue the allegations of the complaint in that behalf.

Defendant also filed a cross-complaint, setting out that on the thirty-first day of December, 1887 (which was the date of the written agreement set out in plaintiff's complaint), plaintiff and defendant made and entered into an agreement for the sale by defendant to plaintiff of a certain interest in certain lands, which defendant alleges are the same as those mentioned in the agreement sued upon, although they are differently and more specifically described, — the terms of which agreement he sets out in said cross-complaint. These terms are a combination of those given in the written agreement, and of the other matters which in his answer he alleges were understood and rested in parol at the time of making the written agreement. He then further sets out the furnishing of an abstract of title, the discovery of the alleged defects of title, and avers that within fifteen days after furnishing the abstract plaintiff notified him of the defects discovered, but that he still elected to purchase

the property, but required the defendant to quiet the title, and then follows with allegations as to the subsequent agreement to quiet title, performance on his part, etc., as already set out in his answer, and prays. practically, for specific performance of this agreement.

It is not pretended in this cross-complaint that any part of the agreement upon which it was based was in writing, but on the contrary, it is expressly stated that the part of it which is claimed to have been made after the examination of the abstract was verbal. While ordinarily it may be true that when it is alleged that two parties entered into an agreement for the sale of lands, if nothing else appears, it will be assumed that the agreement was in writing, it can hardly be so in this case, where the plaintiff in his pleading refers to another agreement made between the same parties at the same time, which was confessedly in writing, and then proceeds to set out a different agreement, which he declares was made in reference to the same property, and containing stipulations as a part thereof, which, by his answer in the same cause, he declares did rest in parol.

This cross-complaint was demurred to .for want of facts, and also for ambiguity and uncertainty, and afterward, and before the demurrer came on for hearing, the plaintiff, by leave of the court, filed a second demurrer, which was in effect (though not so entitled) an amended demurrer, made on the same grounds as the original one, but adding other specifications of ambiguity and uncertainty. In due time these demurrers were argued and sustained, when the defendant excepted to the ruling of the court permitting the said second demurrer to be filed, and also to the ruling of the court sustaining said demurrers. This part of the case is brought up on a separate bill of exceptions, and these rulings are relied upon as errors on this appeal.

Without passing upon the question of whether a demurrer is a pleading which the party has a right to

amend of course, or by leave of court, or not, it is suffi-
cient to say that in this case, if error was committed, it
was not prejudicial, for, in our opinion, either demurrer
was sufficient in form and substance, and an order sus-
taining either of those demurrers to the cross-complaint
was not erroneous. The cross-complaint did not state
facts sufficient to entitle the defendant to the affirmative
relief sought, even assuming that the agreement for the
sale of lands mentioned in it was in writing, and not,
therefore, void under the statute of frauds. Under the
facts stated, the defendant could not, even if so com-
manded by the court, specifically perform the terms of
that agreement on his part; he was not therefore en-
titled to a decree for specific performance against the
plaintiff. The cross-complaint failed to show that the
defendant had tendered the deed conveying the title
which he had agreed to convey, or that he was in a con-
dition where he could convey such a title. It showed
affirmatively that the abstract did not show good title,
and did not show that he had made or could make it
good. It was also indefinite, ambiguous, and uncertain,
in that it did not allege as to how or when conveyance of
title was to be made; also, as to how the deferred pay-
ments were to be evidenced or secured; also, as to the
assumption of mortgages. It is a well-settled rule that
if the contract is vague and uncertain, the court will
not decree a specific performance, but will leave the
party to his remedy at law. (See *Agard* v. *Valencia*, 39
Cal. 301, and the cases there cited; also *Sturgis* v. *Galindo,*
59 Cal. 28; *Magee* v. *McManus,* 70 Cal. 553.)

It was not error, in making the order sustaining said
demurrer, to omit to say anything about leave to amend,
as the defendant did not ask for such leave, or for any
order on that subject.

On the issues framed by the complaint and answer,
the case was tried before the court, without a jury, and
the court found, among other things, that, on the thirty-

first day of December, 1887, the defendant entered into a contract in writing with the plaintiff, which is in the following words and figures, to wit: —

"Receipt and contract on sale of land.

          LOS ANGELES, CAL., December 31, 1887.

"Received this date, from William D. Smith, the sum of five hundred dollars ($500), lawful money of the United States of America, being a deposit and part payment on account of a bargain and sale made to him this day of a certain lot, tract, or parcel of land, lying, situate, and being in the county of Los Angeles, state of California, bounded and described as follows: —

"Being an undivided one-sixth interest in the 509.84 acres of the Rincon de los Bueyes ranch, situate in Los Angeles County, California, conveyed by José de Arnaz, February 3, 1887, to Joseph Moffat and H. Clay Graham.

"Said tract of land, above described, having been sold to said William D. Smith, this day, for the sum of eighty-four hundred and ninety-seven dollars ($8,497), the balance to be paid as follows:—

"Twenty-five [hundred?] ($2,500) to be paid within ten days, $1,461 on or before twelve months from date, and $1,461 on or before twenty-four months from date, with interest at eight per cent per annum, interest payable simi-annually, and assume and pay one sixth of a certain mortgage for $15,450 now on said ranch.

"The title to said above lands to prove good, or no sale, five days being allowed to examine abstract or certificate and pass upon title after abstract or certificate is delivered. If the remaining payments be not made according to this agreement and contract, the above-mentioned deposit to be forfeited without recourse. If title prove defective, said deposit to be returned.

          "J. M. TAYLOR, Agent."

"I hereby extend the time of this agreement five days longer from the date hereof.          J. M. TAYLOR."

The further findings necessary to be noted here were, in substance, as follows: 2. That at the time plaintiff paid to defendant the sum of five hundred dollars, "which is acknowledged by said contract as a deposit to secure the sale of one-sixth interest," etc.; 3. That said payment was upon express condition that the title should prove good upon examination of abstract or certificate, otherwise there should be no sale, and the said five hundred dollars should be repaid; 5. That the defendant delivered to plaintiff an abstract, which within ten days was examined by plaintiff's attorney, and the title found to be not good, but defective; 6. That thereupon plaintiff returned the abstract, with objections to the title, to the effect that the same was not good, but defective, and that plaintiff then informed defendant that he elected not to consummate the sale; 7. That afterward, and on or about the 29th of May, 1888, the plaintiff made written demand upon the defendant for the repayment of said deposit of five hundred dollars; but 8. That defendant refused and still refuses to repay the same, or any part thereof; 9. That no other contract or agreement relative to the sale of said lands was made between the parties; 10. That at the time of making said contract and depositing said money, and of the examination of the abstract, and ever since, the defendant had not, and has not, a good and perfect title of record, but the same was and is defective; that the same was encumbered by mortgage liens of record, and was subject to litigation between parties other than the parties in this action; 11. That at the time of making the contract, and up to the examination of the abstract, plaintiff had no knowledge of said defects of title, or of any encumbrance except $15,450; 12. That at the time of making the contract and of the examination, there was a mortgage on the whole of the tract, to secure an indebtedness of $20,450, also a mortgage on the undivided two thirds, embracing said undivided one sixth, of $3,333.34; 13. That all the allegations and aver-

ments of the first and second causes of action of the plaintiff's complaint are true. And the court finds, as conclusion of law, that plaintiff is entitled to recover the $500, with interest, amounting to $533.45, with his costs of suit, and judgment is entered accordingly.

Two sets of findings were filed, one on the 13th and one on the 14th of May, 1888, and judgment is entered May 17, 1888.

One of the errors of law assigned and relied upon is, that the court erred in filing the second set of findings. They are confessedly exactly like the first, except that in the second in No. 11 the court states that the plaintiff knew of the existence of an encumbrance amounting to $15,450,—a statement omitted from the findings as first filed; and in No. 12 the mortgage liens are set forth, which was not done in the first.

With the exception of the two corrections which we have noted, the paper indorsed "findings," filed on the 14th, was practically a copy of the one so indorsed and filed on the 13th, and if the filing of the second was error, it was not a prejudicial one, for all that there was new in it was finding of certain probative facts, not necessary to be found, the ultimate facts already found being sufficient. Both sets of findings were filed before judgment. Both are brought up to this court. Either is sufficient to support the judgment, and there is nothing in either that conflicts with the other in any matter material to the issues in the cause or the judgment entered. While it is true that a court cannot change its findings after the entry of judgment without granting a new trial, and doing it upon new trial, it does not follow that it may not make such modification or correction of its findings before judgment as shall make them conform to the truth and cover the issues in the cause.

We have carefully examined all the testimony in the record, and are satisfied that the evidence supports the findings. It only remains to consider whether there

were any such errors of law; not already disposed of, as
will require a reversal of the judgment or order appealed
from.

Appellant contended at the trial, and contends here,
that he had the right to prove by evidence *aliunde* that
the claims of persons who appeared by the abstract of
title to be asserting title to land adverse to the title which
he offered, and who had suits pending regarding the
same, were groundless.

Many of his exceptions are to rulings of the court in
rejecting evidence offered for that purpose. We are not
called upon at this time to determine what would have
been his rights in this regard, if his contract had been
simply one to make good title. But that was not the
force or effect of his bond. The only fair interpretation
of this contract is, that he was to furnish an abstract of
title, — a paper prepared by a skilled searcher of records,
which should show an abstract of whatever appeared on
the public records of the county affecting the title, — and
that this abstract must show good title, or there was no
sale, and in that event he was to return the money. He
did furnish such abstract, and the plaintiff found, and
the court, upon sufficient proof, — in fact upon the admis-
sions of the defendant himself, as well as upon presenta-
tion of the abstract, — sustains the finding that the
abstract did not show good record title. Under that
contract, the plaintiff was not bound to make any inves-
tigation outside the abstract, or to take the chances of
any litigation which the abstract showed to be either
pending or probable. The court therefore did not err in
rejecting any of the evidence offered for this purpose.

Appellant claims that at the time of the making of the
contract the plaintiff had knowledge of the existence of
encumbrances upon the land other than the $15,450, of
which he was to pay the one sixth, and that there was
then a parol understanding or agreement between them
as to how, when, and by whom the encumbrances in

LXXXII. CAL.—35

excess of said $15,450 were to be paid off; and several of his exceptions and assignments of error are directed to the rulings of the court in rejecting certain evidence offered in support of that claim. It was not error to reject this evidence; for when the parties reduced their agreement to writing, the writing superseded all other understandings or agreements between them on that subject. (Civ. Code, sec. 1625.) Some evidence, however, on that subject did get in from both sides, and the court found that the plaintiff at the time had no such knowledge, and that there was no other agreement between the parties than the written one.

It was also claimed on the part of the appellant that long after this examination and rejection of the title the parties made an oral agreement, whereby defendant undertook to quiet his title against all adverse claimants shown by the abstract, and that upon his doing so the sale was to be concluded, and many exceptions were saved to rulings of the court rejecting evidence offered in support of his claim, and these rulings are now assigned as error. These rulings were not erroneous. The agreement in writing had already ceased and determined, by its own terms, and the action of the parties under it. According to its express provisions there was "no sale." Defendant was already bound to repay the five hundred dollars, and it had already been demanded of him. This subsequent agreement, then, if there was one, must stand or fall by itself. If there was such an agreement, it was one for or in relation to the sale of an interest in lands, and was not in writing. It was therefore void under section 1624 of the Civil Code. But even if it was, as defendant contends, an alteration or modification of the former written agreement, it was void under section 1698 of the Civil Code, being an unexecuted oral agreement. So that in either event the defendant was not entitled to introduce evidence in support of it. But in this case, as in the other, the parties

were finally permitted to tell what did occur, and to call other witnesses to the same point; and from the evidence so admitted, it appears that some effort was made to make such an agreement, but that the minds of the parties never met, and no such agreement was ever concluded, orally, or otherwise, and the court so finds.

In the course of the trial it was shown that the defendant, in the first instance, presented to the agent of plaintiff a certificate of title, as distinguished from an abstract of title. This certificate exposed the fact of the existence of some adverse claims, and the agent of plaintiff declined to accept it, when it was agreed between the agent and defendant that defendant should furnish an abstract instead, when it should be referred to Judge Minor for examination, and plaintiff would accept Minor's opinion as to whether it showed good title or not. Defendant moved to strike out this evidence, on the ground that it was incompetent to change the terms of the written contract. This motion was denied, and defendant excepted, and now assigns this ruling as error. There was no error in denying the motion on the ground upon which it was made. The evidence was, perhaps, irrelevant and immaterial, but it worked no injury to defendant, and certainly did not tend to show a change of the terms of the written contract.

The foregoing covers a review of all the thirty-two exceptions taken by defendant, and now assigned as errors of law. It follows from the conclusions reached that the judgment and order appealed from must be affirmed.

So ordered.

PATERSON, J., concurred.

WORKS, J., concurred in the judgment.

Hearing in Bank denied.