[Civ. No. 766.　First Appellate District.—December 6, 1910.]

MILTON MEYER and JENNIE FEST, Copartners, etc., Appellants, v. LINCOLN REALTY COMPANY, a Corporation, Respondent.

Specific Performance—Vague Contract for Lease—Agreement Upon Specific Terms—Draft of Lease Unsigned—Statute of Frauds.—Under a complaint alleging a vague contract for a lease, of which specific performance is sought, and also alleging a specific agreement upon the terms of a lease embodied in a draft thereof, which was unsigned by the defendant, such draft is within the statute of frauds, and is void and unenforceable.

Id.—Vague Contract Unenforceable.—A contract, to be susceptible of specific enforcement, must be certain and unequivocal in its terms; and a vague and uncertain contract is not capable of specific enforcement.

Id.—Uncertain Contract for Lease—Average Monthly Rental to be Graduated—Future Negotiation.—A receipt for deposit for a lease, calling for an average monthly rental to be graduated, and leaving the installments of the rent and the times of payment incomplete and uncertain, and leaving the amount of rent to be paid per month to be settled at some future negotiation between the parties, is too vague and uncertain to be specifically enforced.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

M. H. Wascerwitz, for Appellants.

Deamer & Stetson, for Respondent.

KERRIGAN, J.—This is an appeal from a judgment rendered upon the refusal of the plaintiffs to amend their complaint after the demurrer of the defendant thereto had been sustained.

After some formal allegations and a description of the property involved in this litigation, the complaint sets forth that on September 30, 1908, the defendant agreed with the plaintiffs to let, lease and demise to them a certain store in a certain building to be erected on Market street in San Francisco, which said agreement is as follows:

"San Francisco, Cal., Sept. 30th, 1908.

"Received of Fest & Meyer the sum of Five Hundred (500) dollars, deposit to secure lease of store No. 6, 19:5x235 from westerly wall of emporium, for a period of ten (10) years from the date of possession at an average monthly rental of $845. per month to be graduated, with cash deposit of Five Thousand (5,000) dollars to be paid upon the execution of lease, upon which seven per cent (7%) interest is to be allowed; both principal and interest to be returned in equal monthly installments covering a period of ten (10) years.

"Lease to be delivered on or before October 1st and to be executed on or before October 3d, 1908.

"[Corporation seal]          LINCOLN REALTY CO.
                    "By A. O. STEWART, Sec."

That upon the execution of said agreement the plaintiffs paid to the defendant $500, the sum acknowledged to have been received therein. That after the making of this agreement, to wit, on October 1, 1908, the parties agreed upon all the terms and conditions of a lease, but that the defendant, without any reason or cause therefor, refused to execute it. The complaint, after further alleging, among other formal matters, the willingness and ability of the plaintiffs to perform the covenants of the lease on their part, concludes with a prayer for a decree, directing that a lease embodying the terms of the agreement be executed by the defendant, and that it be specifically enforced.

The lease upon which it is alleged the parties agreed, not being signed by the defendant, is within the statute of frauds and is void.

Passing the question of whether or not the receipt, considered as a contract, contains all its essential terms expressed with such a degree of certainty as to be valid under the statute of frauds (Brown on Statute of Frauds, sec. 371; 2 Kent's Commentaries, 511), we think with the defendant, that it is plainly too vague and uncertain to be capable of specific enforcement.

It is a well-settled principle of law that a contract, to be susceptible of specific enforcement, must be certain and unequivocal in all its essential terms. (*Atwood* v. *Cobb,* 16 Pick. (Mass.) 227, 26 Am. Dec. 657, and note; *Smith* v. *Taylor,* 82 Cal. 533, [23 Pac. 217]; 26 Am. & Eng. Ency. of Law, 21.)

The receipt calls for an average monthly rental of $845 per month, to be graduated, and it is manifest, therefore, that the contract, in so far as the installments of the rent and the times of payment are concerned, is incomplete and uncertain. For example, how much a month was to be paid for the first year? Was it, as claimed by the plaintiff, $600, with a credit each month of a proportion of the $5,000 to be deposited as security for the lease, or was it some other amount? This question cannot be answered from the face of the receipt standing alone. At the time of drawing this receipt the amount of rent to be paid per month was a matter to be settled at some future negotiation between the parties. The view that this receipt is too vague and uncertain to be specifically enforced is supported by the authorities.

In *Morrison* v. *Rossignol*, 5 Cal. 65, the rent was to be fixed according to the value of the property involved; and it was held that a court of equity, always being chary of its power to decree specific performance, would withhold the exercise of its jurisdiction in that regard when, as there, no certain basis for the payment of rent could be ascertained from the face of the lease. So, where a part of the purchase price of a piece of real estate was to be covered by a mortgage, and the contract of sale failed to specify how long the mortgage was to run, or what rate of interest the sum of money thereby secured was to bear, it was held that such an agreement was too uncertain to support a judgment for specific performance. (*Burnett* v. *Kullak*, 76 Cal. 535, [18 Pac. 401].) So in *Gelson* v. *Sigmund*, 27 Md. 334, an agreement to allow a tenant to retain possession of certain property upon paying the same rent the landlord might be able to obtain from others, was held not to be such an agreement as a court of equity will enforce because it lacked certainty. (See, also, *Smith* v. *Taylor*, 82 Cal. 541, [23 Pac. 217]; *Potts* v. *Whitehead*, 20 N. J. Eq. 55; *Huff* v. *Shephard*, 58 Mo. 242; Fry on Specific Performance, sec. 1601, p. 670.)

The judgment is affirmed.

Hall, J., and Cooper, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 2, 1911.