[S. F. No. 4901.   In Bank.—February 14, 1911.]

## J. A. HENNESSEY, Appellant, v. ALLEGHANY MINING COMPANY (a Corporation), et al., Respondents.

PLEADING—ACTION TO ANNUL CORPORATE ASSESSMENT—DEMURRER—UNCERTAINTY.—The complaint in an action to have it adjudged that an assessment upon the stock of a corporation was invalid, that the sale of the stock therefor was illegal and void, and to cancel the certificates issued to the purchasers, which merely alleges in general terms and as a conclusion of law, that the order for the assessment was illegal, in that it contained certain matters and things, and prescribed certain conditions not authorized by law, but which fails to set out the order in terms, or allege what such illegal matters, things or conditions were, is demurrable for uncertainty.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

Louis P. Boardman, for Appellant.

William J. Herrin, for Respondent.

THE COURT.—A transfer of the cause to this court was ordered after judgment in the district court of appeal. Further examination has satisfied us of the correctness of the views expressed by the district court of appeal, and the opinion of that court is hereby approved and adopted.

The judgment appealed from is affirmed.

The opinion referred to reads as follows:—

"This is an appeal by plaintiff from a judgment entered against him upon sustaining the demurrer of defendants to the complaint.

"Plaintiff did not ask leave to amend his complaint, but takes the position simply that the court erred in sustaining the demurrer.   Upon this point appellant says, among other things: 'The appellant . . . has not asked to be heard upon the question of amending his complaint, and these questions are no part of the case . . .   This appeal is taken from the order and judgment as made, and is based on the sufficiency

of the complaint. As appellant considered his complaint quite
sufficient, there is no reason why he should have asked leave
to amend.'

"We therefore address ourselves simply to the question, did
the court err in sustaining the demurrer to the complaint?

"The complaint is in two counts, and was brought to have it
adjudged that a certain assessment by the board of directors
of the defendant corporation was invalid, and that the sale
of the stock of plaintiff for such assessment was illegal and
void, and that the certificates issued to the purchasers be de-
livered up and canceled.

"The entire complaint and each count thereof is a confused
jumble of argument, conclusions of law, and allegations of
fact. The demurrer was directed to each count of the com-
plaint, and is both general and special. Insofar as the de-
murrer is special it is mainly directed to the allegations of
paragraph III of each count of the complaint. This para-
graph is substantially the same in each count, and in the first
count is as follows: 'Plaintiff alleges that said alleged assess-
ment sought to be levied by the said board of directors as
above set forth was not made or levied according to law, and
that the same was and is null and void, and conferred no au-
thority upon said corporation, or any of the officers thereof,
to proceed to collect said assessment or to enforce any sale of
the capital stock of said corporation for any alleged delin-
quency arising thereon; that said alleged assessment was in-
operative and void in this, that no order for said assessment
was made or passed by said board of directors on said date,
in the form and manner required by law, specifying when and
where and to whom said assessment should be paid; that the
alleged order for the levy and collection of said proposed
assessment contained matters and things not authorized by
law for such purposes, and prescribed certain conditions, and
purported to delegate to certain persons unknown and not
mentioned therein, certain powers respecting the accounts and
outstanding indebtedness of said corporation and the liquida-
tion thereof, and the application of the same in respect to said
assessment, which powers belong to and are conferred by law
upon said board of directors, and are to be exercised by them,
and not otherwise; that said order prescribing the alleged levy
of said assessment also extended to certain members of said

corporation, and particularly to certain of said board of directors privileges and preferences respecting certain alleged claims and demands of said directors against said corporation, and the payment thereof, contrary to law and not within the power of said board of directors in making a lawful order for any assessment, or the collection thereof, upon the capital stock of said corporation, as hereinafter more particularly alleged.'

"In the corresponding paragraph in the second count, instead of alleging that the assessment was null and void, it is alleged that it was irregular, but insofar as it attempts to allege any facts it is the same as the paragraph above set forth.

"It was objected by demurrer as to each count, 'That said complaint and paragraph III is uncertain in this: it does not appear, nor can it be ascertained therefrom, what were the things and matters not authorized by law, which were contained in said order, or what were the conditions prescribed, or the powers delegated by said order, or who were the certain members of said corporation, or the certain members of the board of directors, to whom privileges or preferences respecting claims against the coporation were extended, or what were those privileges or preferences.'

"This objection is manifestly well taken so far as the allegations of paragraph III are concerned. All the allegations thereof are of the most general character, and most of them are inexcusably connected with, and qualified by, conclusions of law.

"The order for the assessment is not in terms set forth in the complaint, but the pleader has attempted to interpret its effect. We are therefore not aided in our understanding of the allegations above set forth by the terms of the assessment order. The concluding words of paragraph III 'as hereinafter more particularly alleged' can only be read as qualifying that portion of the paragraph following the last semicolon. So although other portions of the complaint may be looked to for ascertaining more particularly what the pleader referred to in that portion of paragraph III, following the last semicolon, the allegations preceding stand unaided by anything elsewhere contained in the complaint. The complaint is therefore entirely uncertain as to what matters and things the order

contained that were not authorized by law, and as to what conditions were prescribed and what powers were delegated thereby. Neither does the complaint anywhere mention or name either the members of the corporation or any of the board of directors to whom it is alleged that privileges and preferences were given."

Beatty, C. J., did not participate in the foregoing opinion.