[Civ. No. 6751. First Appellate District, Division One.—April 20, 1929.]

HELEN H. MARTIN et al., Appellants, v. BANK OF SAN JOSE, Respondent.

Stanley Moffatt and L. N. Barber for Appellants.

L. L. Cory and W. H. Stammer for Respondent.

PARKER, J., *pro tem.*—This is an appeal from a judgment for defendant, entered after an order sustaining demurrer to third complaint, the plaintiffs having declined to further amend. The complaint will be referred to simply as the complaint, without further reference to the fact that it is a twice amended pleading. The complaint, after preliminary allegations, states as follows: That on March 15, 1920, plaintiff Helen Martin was the wife of N. H. Yeramian and that plaintiff John Yeramian is the issue of their marriage. That on said date N. H. Yeramian and Krikor H. Tayian were the owners of certain described parcels of land in Fresno County, California. That on said date, March 15, 1920, the said N. H. Yeramian and wife and the said Krikor H. Tayian made, executed and delivered to defendant a certain promissory note in favor of said defendant in the sum of $18,000, payable on March 15, 1923, with interest at the rate of seven per cent per annum, payable semi-annually, and at the same time, and as security for the payment of the said note, according to the tenor thereof, made and executed a certain deed of trust conveying the real property before described to San Jose Abstract Company, a corporation, as trustee, and authorizing the said trustee, upon default in the payment of said note, or of any payment of interest therein specified, to sell the property at public auction for the payment of all sums due on account of said note and paid out and expended under and by virtue of the terms of said deed of trust, and the expenses of said sale. Alleges the death of N. H. Yeramian on September 8, 1920, and thereafter the appointment of plaintiff Helen Martin as administratrix, which appointment is still in effect. Alleges the decree of distribution in the estate of N. H. Yeramian, wherein and whereby all the right, title and interest of said decedent in and to the property described was distributed to the plaintiffs as tenants in common in equal shares. That on February 19, 1924, Krikor H. Tayian and his wife executed a deed conveying all their right, title and interest in and to the said real property to the plaintiff Helen Martin. That at all times hereafter until ousted by defendant, as herein-

after stated, plaintiffs held possession of all of said premises. That at all of the times mentioned one Tackaberry was an attorney at law, duly licensed and admitted to practice in the state, and from September 6, 1920, up to May 8, 1926, was employed as such to represent Helen Martin in the administration of the estate of her deceased husband and in the matter of the guardianship of the estate and person of the minor plaintiff, and that at all of the times mentioned the defendant knew that Tackaberry was the attorney for plaintiff. That on or about August 2, 1924, an agreement was made and entered into by and between defendant and plaintiff Helen Martin and her attorney Tackaberry, whereby it was understood and agreed that the said deed of trust should be foreclosed, that the defendant should buy in the said real property at the foreclosure sale for the amount that should be due and owing to defendant on account of the said promissory note at the time of such sale, including interest and taxes advanced and expenses of sale, and it was further agreed and understood that plaintiff Helen Martin should be permitted to redeem said property from said sale by repaying to the defendant the amount so bid, in such annual installments as said Helen Martin might be able to pay out of the revenue from the property, until the said indebtedness should be reduced to the point where a new loan could be obtained on the security of the property sufficient to pay said indebtedness, and the whole of the same should then be paid, and that for the purpose of securing the performance of this agreement the parties should, within a reasonable time after said sale, execute such instrument or instruments, as the said parties might then agree upon, and that such instrument or instruments should take the form of a deed conveying the said property to the said plaintiff, together with a promissory note and trust deed executed by plaintiff, providing for the payment of the amount due to defendant, in installments according to the terms of said agreement, with interest at seven per cent per annum, or of a contract in writing for the sale of the said property by the defendant and the purchase of the same by Helen Martin for a price equal to the total sum due defendant, in such installments and at the same rate of interest, and that the plaintiffs should at all times be entitled to the possession of the said prop-

erty. That at the instance and request of said defendant the said attorney advised Helen Martin to enter into and perform the said agreement on her part and the said defendant employed the said attorney to conduct the foreclosure in its behalf and to represent and advise the defendant in all matters relating to the same. That defendant and said attorney thereupon foreclosed said deed of trust. That Helen Martin, at the time of said foreclosure, was able to pay the promissory note and all sums due on account of the said deed of trust, but relied upon the agreement of said defendant and the advice of her attorney, and by reason of said reliance was induced to and did fail to pay such debt and permitted said property to be sold to defendant at said foreclosure sale. That on January 7, 1925, the trustee, at the demand of defendant, and upon the advice of said attorney, sold said property and defendant purchased the same for the price of $22,147.92, which said sum was the amount claimed by defendant to be due and unpaid at said time on account of said promissory note, and on January 21, 1925, the trustee executed an instrument purporting to be a deed conveying said real property to defendant, which instrument has been duly recorded in the records of Fresno County. That at the time of said sale and at all times thereafter the reasonable value of said property was $40,000 dollars. That at the time of said sale a purchaser had been secured who was ready and able to purchase said property for the sum of $50,000. That Helen Martin is and at all times herein mentioned has been ready and willing to execute a new note and trust deed, or a contract in writing, according to the terms of said agreement, but defendant has at all times failed and refused and still fails and refuses to convey the said property to the said plaintiff or to execute such contract, and on March 12, 1926, repudiated said agreement and notified plaintiff that it would not perform the same, and on or about April 16, 1926, the said defendant, contrary to its said agreement, and wrongfully, took possession of said premises and ejected plaintiffs therefrom. That at all times since April 16, 1926, defendant has been and still is in possession of said real property and wrongfully detains and withholds the same from plaintiffs, and has harvested and sold the crops produced therein during the seasons of 1925–1926 and has re-

ceived therefor a large sum of money, the exact amount of which is unknown to plaintiffs. That defendant has at all times refused, and still refuses, to account to plaintiffs for the rents, issues and profits of said property and the proceeds thereof and claims to be the owner of said property and entitled to the exclusive possession of the same, and to the rents, issues and profits thereof, adverse to the plaintiffs and each of them, by virtue of the sale. The complaint prays: That the foreclosure sale and the deed executed by the trustee be declared null and void and vacated and set aside. That plaintiffs be restored to the possession of the said property. That an accounting be had of the moneys received by defendant from said property. For such other or further relief as may be just in the premises. To this complaint defendant entered both a general and a special demurrer. We will take up the points raised by defendant in support of the demurrer, without detailing the various grounds set forth. ■ Respondent contends that the complaint fails to state a cause of action because there is no allegation showing that either of the plaintiffs had any interest in or right to the possession of the real property involved in this action at the time the alleged agreement was entered into, or at the time the sale was made under the trust deed. This ground was and is urged by defendant in support of its general demurrer, and it was claimed by defendant by way of special demurrer as follows: That said complaint is uncertain in this, that it does not appear therein, nor can it be ascertained therefrom, that plaintiffs, or either of them, since February 19, 1924, have been the owners of any interest whatsoever in or to said real property, or whether the plaintiffs, or either of them, are now the owners of any interest whatsoever in or to said real property, or that the plaintiffs, or either of them, were ever entitled to possession at any time after February 19, 1924, or whether said plaintiffs, or either of them, are now entitled to possession of said property or any part thereof. A reading of the complaint will disclose the omission pointed out. It is alleged that N. H. Yeramian and Krikor H. Tayian were the owners of the property on March 15, 1920. There is no allegation that they or either of them owned the property or had any interest therein at any time subsequent thereto or that they

or either of them claimed any interest therein subsequent to said date. Particularly there is no allegation that the estate of N. H. Yeramian had any interest in or title to this property at the time of his death, or that any title passed through the decree of distribution other than whatever interest the decedent might have had at the time of his death. Likewise there is no allegation that on February 19, 1924, when Krikor H. Tayian conveyed his interest in the real property to plaintiff that the said Tayian had any interest in or title to the property. And further, disregarding the lack of these allegations, there is no allegation that plaintiffs, or either of them, had any title to or interest in the real estate at the time of the alleged agreement between plaintiffs and the defendant, which agreement is the basis of the action. It must be conceded, without argument or citation of authority, that if the plaintiffs were strangers to the title there would be no consideration to support the alleged agreement as pleaded. In *Vance* v. *Anderson*, 113 Cal. 535 [45 Pac. 816], plaintiff brought suit in ejectment. She alleged possession of the premises in question on May 1, 1894, and the date she brought suit was May 18, 1894. The court says: "It will be observed that whereas the complaint avers seisin and possession in the plaintiff on the first day of May, 1894, it fails to state that she was so seised at the date of the suit brought, which was May 18, 1894, or at any time after May 1st. This was, we think, a failure of an essential allegation in the complaint." *Curtin* v. *Kowalsky*, 145 Cal. 433 [78 Pac. 962], was an action to recover a sum due upon a money judgment. The complaint alleged an assignment to the judgment and the court held that it was unnecessary to further allege ownership at the time of commencement of the action, saying: "Such ownership and holding was the legal result of the assignment, and that fact having been alleged, it follows as a matter of law that plaintiff hereby became the owner and holder thereof. This condition of ownership is presumed to continue, and it was not necessary to allege that plaintiff was the owner at the time the action was begun. Such an allegation, or its equivalent, is required in actions to recover the possession of specific property, but not in actions to receive on money demands." By a greater force of reasoning it would be held that such an allegation would be

necessary where the relief demanded was conditional upon the very fact of ownership at the time the agreement, the breach of which was the cause of action, was entered into between the parties. In *Melvin* v. *Melvin*, 8 Cal. App. 684, 687 [97 Pac. 698], the court says: "It is, of course, elementary and fundamental that the complaint must state facts sufficient to constitute a present cause of action and. to show that plaintiff was entitled to relief as of the time the complaint is filed. In other words, allegations showing only that the cause of action existed some time in the past would be insufficient. We look in vain for any argument in the complaint before us of a present interest in the property in controversy. There is nothing to show that plaintiff has had any title to the land since May, 1899 (a date prior to the bringing of the action). Indeed it has been held that the presumption is that the pleader has stated his case as strongly as he can. We have a right to infer, therefore, that subsequent to said date plaintiff parted with all of her title to the property, and at the time she brought her action she had no further interest in the same. She thus failed to state a cause of action and the demurrer was properly sustained on that ground." (See, also, *Hildreth* v. *Montecito Creek Water Co.*, 139 Cal. 22 [72 Pac. 395].) The reasoning of these cases apply to the instant case. We are not holding that plaintiffs here were required to allege more definitely their interest in the real property at the time of the commencement of the action. We hold that they were required to allege title in themselves at the time of the alleged agreement respecting the said property. Appellants argue that, irrespective of ownership, they have a cause of action on the agreement. In other words, that the agreement as pleaded is valid and binding, assuming that plaintiffs never did have any interest in the property. The theory of the claim is that a trust for their benefit was created by the agreement. If there is merit in this contention it would seem only to emphasize the uncertainty complained of. ■ Respondent makes the further claim: The complaint states no cause of action for the reason that the purported agreement alleged is too uncertain, vague and indefinite to be enforced. We deem it unnecessary to here repeat the allegations of the complaint in this particular or to detail the arguments of respondents thereon. It is suffi-

cient to say that if, as claimed, the action is one looking toward a specific performance of the alleged agreement, the complaint is not sufficient in any respect. Even if we disregard the relief demanded as being no part of the complaint, we still must consider what relief could be granted, if any, in determining the nature of the cause of action. And it seems clear that no relief of any kind could possibly be given without taking the pleaded agreement as the basis of such relief. That the contract or agreement as pleaded is too indefinite, uncertain, loose and inexact to support a decree of specific performance we need but to consult the following authorities: *Stanton* v. *Singleton,* 126 Cal. 657 [47 L. R. A. 334, 59 Pac. 146]; *Smith* v. *Taylor,* 82 Cal. 541 [23 Pac. 217]; *Klein* v. *Markarian,* 175 Cal. 37 [165 Pac. 3]; *Wood* v. *Anderson,* 199 Cal. 440 [249 Pac. 862]; Civ. Code, sec. 3390. If the relief that might be claimed was damages for the breach of the alleged agreement it must be conceded that no damage is claimed or alleged and no definite agreement pleaded. (*Dillingham* v. *Dahlgren,* 52 Cal. App. 322 [198 Pac. 832].) ▮ Aside from the claim that the complaint did not state a cause of action in this particular, respondent demurred on the ground that the complaint was uncertain and on the ground that it was unintelligible, because it does not appear therein, nor can it be ascertained therefrom, ''What amount the plaintiff Helen H. Martin was to repay to defendant or what the amount of annual installments under the alleged contract was, or what interest was to be paid thereon, or when said installments were to be paid, or when said indebtedness was to be paid, or how or in what manner any new loan was to be made on the property, or when said new loan was to be made, or what parties were to execute any instrument or instruments to secure the performance of the alleged agreement, or what instruments were to be executed for said purpose, or what installments, or how said installments were to be paid, or what terms said instruments were to contain.'' We think all of these specifications of uncertainty were well taken. Summing up, plaintiffs, after leave of court to amend and after the insufficiency of the complaint had three times been pointed out to them, elected to stand or fall upon the complaint now before us. Practically all that can be gleaned from the complaint is that

defendant agreed that it would foreclose a trust deed given to secure an unpaid debt and after foreclosure defendants and plaintiffs would then enter into some indefinite and undetermined agreement through which plaintiffs would pay off the indebtedness, first by an application of the income from the property, which is not alleged to be presently or potentially income producing, and when, if ever, these payments should reduce the indebtedness sufficiently, then a new trust deed should be given, providing for the payment of the debt in installments, the amount or frequency of which is not stated. And nothing in the complaint indicates that the plaintiffs at the time of the alleged agreement had any interest whatever in the estate or property involved. Section 430 of the Code of Civil Procedure particularly specifies uncertainty as a ground of demurrer, and if we are to hold that the action of the court below in sustaining respondent's demurrer was erroneous we must hold this section meaningless.

That uncertainty is a well-established ground of demurrer needs no citation of authority. (*Mallory* v. *Thomas,* 98 Cal. 647 [33 Pac. 757]; *Hennessey* v. *Alleghany Min. Co.,* 159 Cal. 398 [113 Pac. 1071]; *Burke* v. *Maguire,* 154 Cal. 467 [98 Pac. 21].)

Appellants complain that the ruling below was on purely technical grounds and thus characterizes the argument of respondent here. In *Callahan* v. *Broderick,* 124 Cal. 83 [56 Pac. 783], it is said: ''Most rules of pleading are technical, but they are founded in wisdom and justice, and orderly procedure demands their reasonable enforcement.''

Judgment affirmed.

Tyler, P. J., and Cashin, J., concurred.