EDNA SNYDER, Appellant, *vs.* EDWARD FRENCH *et al.*
Appellees.

*Opinion filed February 16, 1916.*

STATUTE OF FRAUDS—*when oral agreement as to land is not enforcible in equity.* An oral agreement by a childless couple with the father of a three-year-old girl to take the girl as their own, educate and support her and leave her at their death all their property will not be enforced in equity, as against a plea of the Statute of Frauds, where there is nothing in the complainant's bill to show that she has been left in any worse position by reason of the default than she would have been in had she continued to reside with her father. (*Pond* v. *Sheean,* 132 Ill. 312, followed; *Dalby* v. *Maxfield,* 244 id. 214, and *Gladville* v. *McDole,* 247 id. 34, distinguished.)

APPEAL from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding.

ANDREW NELSON, and GRAHAM & GRAHAM, for appellant.

A. G. MURRAY, TIMOTHY McGRATH, and A. T. ROCK, for appellees.

Mr. CHIEF JUSTICE FARMER delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Sangamon county sustaining a demurrer to complainant's bill for the specific performance of a parol contract to convey land, alleged to have been made by James Murphy, deceased. The devisees under the will of said James Murphy were made parties defendant to the bill.

The bill alleges the complainant, Edna Snyder, is the daughter of George W. Whiteside and Sarah Whiteside, the latter a sister of the wife of James Murphy, deceased; that complainant was born in 1885, her mother dying in 1888; that James Murphy and his wife were childless, and

feeling the want of affection, society and devotion of a child, entered into an oral agreement with the father of complainant by which he agreed to give complainant to Murphy and his wife as their own child, and they agreed to train, educate and love complainant, and leave her as her own, at their death, all the property, real and personal, which either of them possessed at the time of their death. The bill alleges that immediately after the making of this agreement, in 1888, complainant's father surrendered her to the Murphys and that they took her as a member of their family and gave her the name of Edna Murphy, by which she was known until her marriage to G. H. Snyder, in 1906; that the Murphys gave their friends to believe complainant was their own child until after her marriage, and that complainant herself believed, until she was over eighteen years old, that she was the natural child of the Murphys, and that she lived continuously in their home as their child from the year 1888 until she was married, in 1906, and alleges that up to the death of Mary Murphy, in 1911, and James Murphy, in 1913, she gave to each of them the services, society, affection, devotion and attention of a daughter. The bill further alleges both the Murphys died childless; that after complainant's marriage she made long visits to the Murphys and they to her home, and that in all things she gave to them the full benefit of a dutiful and affectionate daughter; that neither during the life of the Murphys nor at their death did complainant receive any compensation in money or property, but she alleges that James Murphy, ignoring the rights of complainant, either because of unsound mind or fraudulently against the rights of complainant, left a will by which complainant received only a legacy of $100, while the substance of his property was given to a brother of Mary Murphy and to a brother and sister of the testator. The bill alleges James Murphy died seized of eighty acres of land in Sangamon county, Illinois, which in equity and good conscience belongs to complainant, and asks that a de-

cree be entered finding her to be the owner of the land, and for general relief.

Respondents demurred to the bill, assigning as grounds for demurrer (1) that the suit seeks to enforce an oral contract in regard to an interest in or concerning land for a longer term than one year; (2) that the suit seeks the enforcement of an oral contract in regard to the sale or conveyance of land; (3) that the suit seeks to enforce an oral contract in regard to fastening and declaring a trust upon land,—for all of which reasons the agreement sought to be enforced is within the Statute of Frauds and unenforcible. The demurrer was sustained and this appeal followed.

Appellant contends that the agreement between her father and James Murphy, deceased, being completely performed by her father and herself, is enforcible in equity notwithstanding the Statute of Frauds, and asks that the decree of the circuit court sustaining the demurrer and dismissing the bill for want of equity be reversed and the cause remanded for answer by defendants.

The case of *Pond* v. *Sheean,* 132 Ill. 312, was in every essential fact precisely the same as this case, and it was there held the contract was not enforcible in equity. That case cannot be distinguished from this case. *Dicken* v. *Mc-Kinley,* 163 Ill. 318, and other cases, followed and approved the *Pond case,* and a reversal of this judgment would necessitate the overruling of those cases. *Dalby* v. *Maxfield,* 244 Ill. 214, *Gladville* v. *McDole,* 247 id. 34, and other decisions of this court relied upon by appellant, are easily distinguishable, upon the facts, from this case. In those cases the court refused to apply the Statute of Frauds under the facts, and held that to do so would make the statute an instrument for the perpetration of a fraud. It does not appear that any such result follows the denial of the relief in this case. It is not shown by the bill that the appellant's father's circumstances were such that he was able to give complainant comfortable support and the advantages she re-

ceived while living with the Murphys. So far as the bill discloses, appellant's condition is no worse than it would have been if she had continued to live with her father. We know of no case in this State where the Statute of Frauds has been relaxed in such cases as this, and whatever may have been decided in other jurisdictions, under the decisions in this State the decree of the circuit court was right, and it is affirmed.

*Decree affirmed.*