(No. 15018.—Decree affirmed.)

NINIAN WIRT EDWARDS, Appellant, *vs.* MARY EDWARDS BROWN *et al.* Appellees.

*Opinion filed April 18, 1923—Rehearing denied June 12, 1923.*

1. SPECIFIC PERFORMANCE—*when a bill is insufficient for performance of oral contract to devise land.* Performance of an oral promise to devise the complainant certain real property in consideration of care and companionship cannot be enforced against the executor and devisees where the bill alleges merely that the complainant lived with the testatrix and was a companion to her, and does not allege in what manner he cared for her or what particular acts were performed by him in carrying out the contract, nor any facts showing that he made any substantial change for the worse in his position in consequence of the agreement.

2. SAME—*specific performance rests in discretion of the court.* Whether specific performance of a contract will be granted depends in a large measure upon the facts in the case, and even where the terms of the contract are clear, certain and unambiguous, specific performance is not a matter of right but rests in the discretion of the court, to be determined from all the facts.

3. SAME—*bill for performance must state facts clearly.* A bill for specific performance must state the facts clearly and definitely, showing that the contract is fair and just and not unconscionable, so that the court can determine from the facts stated whether the case really calls for the interposition of equity.

4. SAME—*when a contract for a conveyance will be enforced.* Contracts to devise or convey real estate are enforced by specific performance on the ground that the law will not do perfect and complete justice; and such a contract must be upon a valuable consideration and must be reasonably certain as to its subject matter, its stipulations, its purposes, its parties and the circumstances under which it was made.

5. SAME—*parol contract to devise real estate is within the Statute of Frauds.* A parol contract to devise real estate is within the Statute of Frauds, and a parol contract to devise and bequeath both real and personal property is subject to such statute as to the real estate.

APPEAL from the Circuit Court of Sangamon county; the Hon. E. S. SMITH, Judge, presiding.

JARRETT & NEIGER, and L. E. STONE, for appellant.

PATTON & PATTON, and ROBERT MATHENY, (WILLIAM L. PATTON, of counsel,) for appellees.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Appellant, Ninian Wirt Edwards, filed his amended bill in the circuit court of Sangamon county on June 30, 1922, against appellees, Mary E. Brown, individually and as executrix of the last will and testament of Mary J. Remann, deceased, Remann Brown and the Oak Ridge Cemetery Association, to compel the specific performance of an oral contract. Appellees filed a general and special demurrer to the bill, which was sustained by the court. Appellant elected to abide by his bill, and the court entered a decree dismissing it for want of equity.

The bill states, in substance, the following: On September 1, 1920, and prior thereto, Mary J. Remann, appellant's aunt, was the owner in fee and residing on lot 7, block 1, in A. M. Bradford's addition to the city of Springfield, Illinois; that she was a spinster and lived alone on the premises and had no children or other relatives to live with her and assist her in making a home or to add to her comfort and companionship, and being so situated she applied to appellant to move into her home and live there and be a companion to her, in order that she might keep her home there and avoid the lonesomeness and inconvenience of living alone; that on said date she entered into an oral agreement with him by the terms of which it was agreed that he and she would reside in and occupy the premises, her home; that he would take care of and look after her, and that he and she would make their home together there during the remainder of her natural life; that in consideration of his carrying out the things requested by her, she thereby agreed that she would devise and bequeath to him by her last will and testament the real estate and the residence thereon situ-

ated and all its contents and one-third of all other personal property owned and possessed by her; that he then and there entered upon the performance of the agreement and in all respects carried out and complied with the same on his part and did care for her until the end of her life and occupied the premises with her as their residence; that he in all respects administered to her needs and wants according to her request and did all things required of him under the agreement; that he made great sacrifices in order to make her comfortable and happy in her old age, and in order that he might carry out her wishes and requests he refrained from becoming married and establishing a home of his own, as he was then ready and prepared to do; that the services and companionship which he gave her were necessary and essential to her welfare and happiness; that she did not comply with the agreement on her part but wholly failed, and departed this life in March, 1922, without taking any steps to carry out her agreement; that Mary E. Brown, Remann Brown and appellant are the only parties having any interest in or title to the property; that the value of the property which was the subject matter of the contract it is impossible to fix, as a large portion of the personal property, while not of great value intrinsically, has a sentimental value of great importance to appellant; that the services he rendered cannot be valued and compensated in money, as they were of the most confidential character in administering to her wishes and necessities; that such services extended over a period of about two years and were such as no living relative or other person would perform; that he has no remedy at law and it is impossible for a court of law to adjust the matters and things which were carried on between him and her and compensate him in money.

A copy of the will of the deceased was attached to the bill, which, after directing the payment of her funeral expenses, bequeathed to appellant $1000, to her niece Georgia

Edwards her diamond ring and lace shawl and to her niece Mary E. Brown her diamond stick-pin and lace flounce. She then directed that the money, notes, bonds, stocks or other evidences of indebtedness and the real estate she might own at her death should be divided between the nieces, three-fifths thereof to Georgia Edwards and two-fifths thereof to Mary E. Brown. She also directed that the balance of her personal property should be given to her nieces jointly, and that they should make division of it as they might think best and in accordance with any verbal declaration which she had given or should give them. She named as her executrices these two nieces. There was a codicil to the will bequeathing $300 to the Oak Ridge Cemetery for the care of her lot.

The points specifically pointed out by appellees as special grounds of demurrer are, (1) that the contract was not evidenced by any memorandum in writing signed by the testatrix, and that the contract is void by virtue of the Statute of Frauds and unenforcible; (2) that the allegations of fact with reference to the contract and to performance by appellant are too vague, uncertain and indefinite to either justify the conclusions of the pleader or to call upon the court to exercise its discretion to decree specific performance; (3) that no state of facts is alleged which shows with the certainty required in such cases that the appellant changed his position for the worse in consequence of the agreement or that he has not an adequate remedy at law for his services.

The demurrer to the bill was properly sustained by the court. The bill does not disclose the age of the deceased at the time the contract was made, or that her physical condition was such that she required any services from appellant in caring for her, or that she ever at any time after the contract was made was in need of special care or that he gave her any special care. The allegations are to the effect that she applied to him to move into her home

and live there and be a companion to her, in order that she might keep her home there and avoid the lonesomeness and inconvenience of living alone, and that his contract with her was that he would take care of and look after her and that he and she would make their home together during her life. While he alleges that he carried out the contract and complied with it in every particular, it is nowhere disclosed by the bill what he did for her or in what manner he cared for her. The inferences to be drawn from the bill are, so far as the facts alleged show, that all he did was to live with her in her home and be a companion to her, and thereby enabled her to live in her home. The allegations in the bill that he made great sacrifices in order to make her comfortable and happy and that his services and companionship were necessary and essential to her welfare and happiness are mere conclusions of the pleader and give no idea of the character of the services, if any, that he did perform for her. The particular acts that he performed should have been stated, in order that the court might determine whether or not he had done all he ought to have done. (Puterbaugh's Pl. & Pr.—5th ed.—336.) It will also be noted that there is no attempt in the bill to state the value of the property she was to give him by her will in consideration for such services or to state the approximate value of all the property she was to devise and bequeath to him. So far as this court may know from the bill, the deceased may at the time of the contract have been worth only a few thousand dollars or she may have been worth millions. The services extended over a period of about two years, and the allegations in the bill that his services cannot be fully compensated in money and that he is without a remedy at law are also mere conclusions, which cannot be drawn legally from any facts alleged. The bill was for the foregoing reasons clearly demurrable.

Whether the specific performance of a contract will be granted depends in a large measure upon the facts in the

case. Even where the terms of the contract are clear, certain and unambiguous, specific performance is not a matter of right but rests in the sound discretion of the court, to be determined from all the facts and circumstances. (*Adams* v. *Larson,* 279 Ill. 268.) In a bill for specific performance the facts must be stated definitely and clearly, so that the court can determine therefrom whether the case stated really calls for the interposition of a court of equity. It must appear from such statement that the contract is fair and just and not unconscionable. (*Davier* v. *Kaiser,* 280 Ill. 334.) Contracts to devise or convey real estate are enforced by specific performance on the ground that the law will not do perfect and complete justice. Such a contract must be upon a valuable consideration and reasonably certain as to its subject matter, its stipulations, its purposes, its parties and the circumstances under which it was made. (4 Pomeroy's Eq. Jur.—3d ed.—secs. 1401, 1405.) A parol contract to devise real estate is void under the Statute of Frauds, and a parol contract to devise and bequeath both real and personal property is void as to the real estate. (*Gould* v. *Mansfield,* 103 Mass. 408; *Horten* v. *Stegmeyer,* 175 Fed. 756.) Where the promisee in such a contract shows no substantial change for the worse in his position in consequence of the agreement relief will be denied. (*Snyder* v. *French,* 272 Ill. 43; *Pond* v. *Sheean,* 132 id. 312.) Appellant has an ample remedy at law for his two years of service for the deceased by filing a claim against her estate, no part of the same being barred by the Statute of Limitations.

As the bill has not stated a case of which a court of equity will take cognizance and grant specific performance, the decree of the court dismissing the bill for want of equity must be affirmed.

*Decree affirmed.*