(No. 16506.—Decree affirmed.)

JACOB SANDER, Appellant, *vs.* JACOB SCHWAB, Appellee.

*Opinion filed February 17, 1925.*

1. SPECIFIC PERFORMANCE—*contract for sale of land must be in writing—Statute of Frauds.* A contract for the sale of land can not be partly oral and partly in writing, and such a contract is not enforceable where the Statute of Frauds is invoked as a defense.

2. SAME—*when option in lease cannot be enforced as a contract to sell.* An option in a lease providing that the lessee "shall, in case of a *bona fide* sale of said premises, have a first option to purchase" at a certain price, is not an enforceable contract for the sale of the property whenever the lessee desires to purchase, as no duty or obligation to sell is imposed upon the lessor, and the option does not, apart from the price, specify the terms and conditions of sale.

APPEAL from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding.

MARTIN W. GROSSE, for appellant.

WYMAN, HOPKINS, MCKEEVER & COLBERT, (VINCENT D. WYMAN, and AUSTIN L. WYMAN, of counsel,) for appellee.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

On July 14, 1924, Jacob Sander filed his amended bill for specific performance against Jacob Schwab in the superior court of Cook county. In the bill it is alleged that on November 26, 1921, Schwab by a written lease demised certain premises known as 7513 Madison street, Forest Park, to Sander for the term ending November 30, 1924; that Schwab by the lease reserved the right to remove to the rear of the demised lot a frame building, known as the Harter dwelling, then located on adjoining property; that the lease contained the following provision: "It is understood and agreed that the party of the second part shall, in case of a *bona fide* sale of said premises, have a first option to purchase during the life of this lease at a price of $13,500. However, if the Harter dwelling is moved on the rear of said premises, as stipulated in this lease, said $13,500 sale price is to be increased by a fair cash appraisal value of the Harter dwelling;" that on or about April 15, 1922, and subsequently, Schwab urged Sander to purchase the property in accordance with the option; that prior to May 12, 1924, the Harter dwelling had been moved upon the leased ground, and on that day Sander notified Schwab, in writing, that he (Sander) would exercise the option to purchase and offered to pay $13,500 and the appraised value of the frame building, as stipulated in the lease; that Schwab's attorney replied by letter on May 15 that his client had not contemplated the sale of the property and declined to recognize any claim on Sander's part beyond his rights as a tenant; that Schwab agreed, in case

Sander availed himself of the option, to furnish a certificate or abstract of title or title guaranty policy and to adjust the rent, water rates, insurance premiums and taxes, and that although Sander was ready, willing and able to perform on his part, Schwab refused to sell or convey. Schwab interposed to the bill a general and special demurrer, which assigned as a cause the Statute of Frauds. The demurrer was sustained, Sander elected to abide by his amended bill, and it was dismissed for want of equity. He prosecutes this appeal.

The only written portion of the contract upon which appellant relies is the option contained in the lease. The request by Schwab that Sander purchase the property, and Schwab's agreement to furnish evidence of title in some form and to adjust the income from and the current charges against the property, were orally made. A contract for the sale of land cannot be partly oral and partly in writing. (*Stein* v. *McKinney*, 313 Ill. 84; *Elwell* v. *Hicks*, 238 id. 170.) The Statute of Frauds is invoked as a defense and the oral agreements are not enforceable. *Stein* v. *McKinney, supra.*

The lease gives appellant, in case of a *bona fide* sale of the demised property, a first option to purchase it during the term at a price fixed or ascertainable. By the provision appellant's right to purchase is not absolute but is conditioned upon an actual sale of the property. No duty or obligation to sell is imposed upon appellee. A mere desire or intention on his part to sell, or an oral request by him upon the appellant to purchase, is not equivalent to a sale. There is no allegation in the bill that appellee made a sale of the property. Hence the condition which would give appellant the right to purchase has not happened. Moreover, the option did not, apart from the price, specify the terms and conditions of sale and is too indefinite to be specifically enforced. *Stein* v. *McKinney, supra; Edwards* v. *Brown,* 308 Ill. 350; *Brach* v. *Matteson,* 298 id. 387; *Moore* v.

315—40

*Machinery Sales Co.* 297 id. 564; *Gronowski* v. *Jozefowicz,* 291 id. 266; *Elwell* v. *Hicks, supra; Kopp* v. *Reiter,* 146 Ill. 437; *McConnell* v. *Brillhart,* 17 id. 354.

The superior court properly sustained the demurrer to the amended bill of complaint, and its decree will be affirmed.

, *Decree affirmed.*