MICHAEL J. TANSEY, complainant-appellant,

v.

. HEIME SUCKONECK, defendant-respondent,

[Submitted March term, 1925. Decided October 19th, 1925.]

In actions for specific performance based on a writing relied on as a contract, where it is apparent from the writing that it is not intended as the final and complete agreement of the parties, but that there are outstanding features of the bargain to be settled by further treaty and to be embodied in a completed contract, equity will refuse its aid.

On appeal from a decree advised by Vice-Chancellor Foster.

*Messrs. Kraemer & Siegler,* for the appellant.

*Mr. Samuel Roessler,* for the respondent.

The opinion of the court was delivered by

PARKER, J.

This is a vendor's suit for specific performance of the stipulations of a paper-writing relied on by complainant as a contract to purchase real estate. No answer was filed, but on motion the vice-chancellor advised a dismissal of the bill of complaint, and the appeal is from this decree of dismissal.

We conclude that the decree should be affirmed on the fundamental ground. presently to be stated, without passing on the other reasons assigned in the court below.

The paper-writing relied on was on a business letterhead of the complainant, and, omitting the printed heading, reads as follows:

"Received, Newark, N. J., Tuesday, October 28th, 1924, from Heime Suckoneck, two hundred and fifty dollars on account of pur-

chase price 100 x 100 s. w. corner Miller street and Avenue C, Newark, for $10,000, formal agreement to be executed and additional amount paid on November 7th, 1924; title to be taken as soon as searches are made.

"$5,000 cash and $5,000 mortgage.

"H. SUCKONECK.

"$250 Michael J. Tansey."

It is to be observed that this paper does not specify how much additional amount is to be paid on November 7th, nor what all the terms of the formal agreement are to be; nor does it state the rate of interest on the mortgage or how long it is to run, or whether it is to contain any provisions for default of interest, taxes, &c., common in such cases. Nor does it state what kind of deed is to be given. It is further to be observed that the clause "formal agreement to be executed and additional amount paid on November 7th, 1924," points clearly to another and definite agreement which should normally settle all outstanding details of the transaction.

The vice-chancellor in his memorandum of decision specified seven particulars in which he held the paper to be incomplete and while conceding that some of these, under decisions cited by him, might be supplied by intendment, went on to say that the others could not be so supplied because the parties evidently intended that they should be set forth in the formal agreement referred to in the paper, and added that it was clear "that the parties had not completed their negotiations * * * and that they intended by the execution of the formal agreement to supply the deficiencies in, or these omissions of, this receipt."

We do not think it is necessary to go into the question whether, if the paper had purported on its face to be a complete and final agreement, certain features usual in such agreements but missing in this case could be supplied by intendment. On this point resort may be had to previous decisions in this court. The basis for decision in the present case is that the paper is on its face preliminary and not final, and by its very language indicates that other features

left unsettled are to be settled by further negotiations, and this requires the application of the well-settled and fundamental rule that to support a decree of specific performance for the sale and purchase of real estate ."the bargain must have been completely determined between the parties and its terms definitely ascertained. So long as negotiations are pending over matters relating to the contract, and which the parties regard as material to it, and until they are settled and their minds meet upon them, it is not a contract, although as to some matters they may be agreed." This is the language of Mr. Justice Knapp, speaking for this court in *Brown* v. *Brown, 33 N. J. Eq.* (at *p. 655*). The same rule is recognized in many cases, among them *McKibbin* v. *Brown, 14 N. J. Eq. 13; 15 N. J. Eq. 498,* and *Davila* v. *United Fruit Co., 88 N. J. Eq. 602,* both of which cite *Fry Spec. Perf.* §§ *164, 202;* see, also, *Wharton* v. *Stoutenburgh, 35 N. J. Eq. 266.*

Applying this rule, it is clear that the vice-chancellor properly held that the bill had failed, on the face of it, to state a case for the favorable interposition of a court of equity, and the decree of dismissal is therefore affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, MCGLENNON, KAYS, JJ. 14.

*For reversal*—None.