The bill is based upon the following memorandum:
"December 3d 1923.
Received from Otto Venino, Jr., check for $200 as deposit on purchase by him from us of property at the southwest corner of Hudson avenue and Lewis street, Town of Union, N.J. Plot 75 x 100 feet with a three-story frame building thereon, for the sum of nineteen thousand two hundred and fifty dollars [$19,250]. We will leave a nine thousand dollar first mortgage on the house 147 Hudson avenue for five years at six per cent. interest payable January 1st and July 1st of each year; also a one thousand dollar mortgage on the vacant plot for one year with privilege to pay off at any time. Balance of purchase price to be paid in cash on closing of title which will be on or before March 1st, 1924. Contract to be drawn up and signed within the next few days.
 AUGUST NAEGELE [Seal], LOUISE NAEGELE [Seal]. Witness R.H. PATTERSON." *Page 184 
The proofs disclose that on the evening of the date of the foregoing instrument the complainant, accompanied by the subscribing witness thereof, called at the home of the defendants, who are husband and wife, and far advanced in years, and bargained with them for the purchase of the property mentioned in the memorandum. The above paper was then prepared and the signature of the owners secured, but neither of them acknowledged the same. The lack of acknowledgment on the part of the married woman would not cause me any difficulty, in view of the proofs as to what occurred at the time of the negotiations and the decision of the court of errors and appeals in Young v.Paul, 10 N.J. Eq. 401. If the instrument in question were enforceable at all I would not hesitate to decree indemnity from the husband or abatement of the purchase price.
My difficulty grows out of the manifest incompleteness of the instrument upon which the complainant relies. This case must be decided under the rationale of the very recent pronouncement of the court of errors and appeals in Tansey v. Suckoneck,98 N.J. Eq. 669. In that case the deficiencies in the alleged contract were perhaps a little grosser than in the one subjudice, but several of the missing elements mentioned by the appellate court were of the same variety to be found here. For example, the memorandum in the case at bar concludes with the sentence, "Contract to be drawn up and signed within the next few days." The court of errors and appeals, in the case just cited, say:
"The basis for decision in the present case is that the paper is on its face preliminary and not final, and by its very language indicates that other features left unsettled are to be settled by further negotiations, and this requires the application of the well-settled and fundamental rule that to support a decree of specific performance for the sale and purchase of real estate "the bargain must have been completely determined between the parties and its terms definitely ascertained." * * *
In the document under examination it will have been observed that many of the usual provisions of contracts for *Page 185 
the purchase and sale of real estate are omitted. As was pointed out in the opinion in the Tansey Case, it does not disclose what all the terms of the formal agreement were to be; neither does it specify whether or not it was to contain provisions for default of payment of interest and taxes. No mention is made of the character of deed by which the title was to be conveyed. These defects I feel are fatal to the complainant's suit.
I have read and re-read the elaborate brief submitted by complainant's counsel, which shows the most careful preparation, and I have reluctantly come to the conclusion that I cannot follow it. I believe that the defendants are sick of their bargain and are seeking a way out of it, but in view of the clear and controlling opinion by which I am guided I feel that the bill must be dismissed. Counsel has cited many authorities to the effect that a memorandum such as the one upon which the bill is based will be deemed to have been a binding contract "whenever the contract appears to have been complete." With that law there can be no quarrel, but in view of the parallel I have already indicated between the facts in this case and those in Tansey v.Suckoneck, supra, I do not see how I can say that the memorandum contains all the particulars of the transaction that was contemplated by the parties. My disappointment is somewhat tempered by the fact that the complainant is a solicitor and counselor of this court of many years' standing, who was present and either prepared the memorandum, or supervised its preparation, in person. The rationale of this opinion is not new law, and the courts cannot be blamed if trained members of the bar disregard its decisions, perfectly plain upon their face, in the transaction of their affairs.
I will advise a decree dismissing the bill of complaint, but I will not assist the defendants in compensating their counsel, because of the fact to which allusion has already been made, namely, that they are taking advantage of a highly technical defense to avoid their agreement. *Page 186