CHARLES HOBELMAN, complainant-respondent,

*v.*

LORENZO CAVALLO et ux., defendants-appellants.

[Submitted October term, 1927.   Decided February 6th, 1928.]

To sustain a decree for specific performance, the contract must have been completely determined between the parties, and its terms definitely ascertained. This case is controlled by the case of *Tansey* v. *Suckoneck*, 98 N. J. Eq. 669.

On appeal.

*Mr. Fred W. Mattocks,* for the defendants-appellants.

*Messrs. Collins & Corbin (Mr. David A. Newton* and *Mr. Edward A. Markley,* on the brief), for the complainant-respondent.

The opinion of the court was delivered by

BLACK, J.

This is an appeal from a final decree of the court of chancery directing the specific performance by the defendants as sellers, of a real estate contract.  The writing under which the bill was filed is in the form of a receipt.  It is dated September 17th, 1925.  The property to be conveyed is at Old Tappan, Bergen county, New Jersey.  The consideration expressed is $3,500 net.  "$50 paid on the signing of this receipt and $50 *on the signing of the contract on or before October 1st, 1925."*  We think the decree must be reversed.

The paper, on its face, is preliminary and not final.  Before specific performance can be decreed, the bargain must have been completely determined between the parties, and its terms definitely ascertained.  The case is controlled by such cases as *Tansey* v. *Suckoneck, 98 N. J. Eq. 669;* that case is di-

rectly in point. There the receipt provided, that "a formal agreement [as in this case] was to be executed and an additional amount paid" (as in this case) on a certain date. The principle of this case was properly applied in *Venino* v. *Naegele, 99 N. J. Eq. 183*. In each of these cases specific performance was denied.

In the *Tansey Case* the two well-considered and leading cases in our reports on this subject are cited, viz.: *McKibbin* v. *Brown, 14 N. J. Eq. 13; affirmed, 15 N. J. Eq. 498; Brown* v. *Brown, 33 N. J. Eq. 650.*

The rule therein formulated is restated and applied in the *Tansey Case*. In the *McKibbin Case*, the opinion was written by Chancellor Green. In the *Brown Case*, the opinion was written by Mr. Justice Knapp, speaking for this court.

We think the rule stated in those cases should be rigidly adhered to and applied at the trial of cases to the facts, as they may arise.

For these reasons the decree of the court of chancery is reversed.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 15.