(No. 19728.—

HENRY M. YAGER, Appellee, *vs.* JESSE LYON *et al.*—(AR-
THUR SCHOESSEL *et al.* Appellants.)

*Opinion filed December 20, 1929.*

STAFFORD, SCHOEDE & STAFFORD, for appellants.

JAMES F. MURPHY, for appellee.

Mr. COMMISSIONER PARTLOW reported this opinion:

Appellee, Henry M. Yager, filed his bill in the circuit court of Rock Island county against Jesse Lyon, administrator of the estate of Minnie Schoessel, deceased, and Arthur, Glen and Elsie Schoessel, in which he alleged that on May 9, 1928, Minnie Schoessel, a sister of appellee, died intestate, leaving Arthur and Glen Schoessel, her grandsons, who were minors, as her only heirs-at-law; that she was the owner of lots 5 and 6, in block 2, in Lynde's addition to the city of Rock Island, which real estate is known as Nos. 2828 and 2832 Seventh avenue; that lot 5 is improved by a two-story dwelling and lot 6 by a story-and-a-half dwelling; that the deceased had a son, Arthur C. Schoessel, who died March 8, 1928, leaving Elsie Schoessel, his widow, and Arthur and Glen Schoessel, his sons and only heirs-at-law; that Arthur C. Schoessel and his family occupied the larger house and Minnie Schoessel occupied the smaller one; that appellee lived in another part of the city, and on April 12, 1928, Minnie Schoessel told him that if he would move into the small house, at 2832 Seventh avenue, and continue to live there during her life and allow her to keep in the house a part of her household furniture and retain a room during her life which she could use as a home whenever she desired and would pay her during her life a rental of $25 per month, upon her death she would leave the property to him by her will, together with all household furniture and other personal property situated therein; that appellee accepted the offer and on April 19, 1928, sold a part of his furniture, moved the remainder into the house and paid the rent; that he set apart a room for his sister and allowed her to keep such furniture and other personal property as she desired; that he and his family thereafter continued in possession of the house under the agreement until the death of the sister; that he has done everything undertaken and agreed by him

to be done under the agreement and that his sister did not leave a will but died intestate. The prayer was for specific performance. The administrator and Elsie Schoessel filed no answer and they were defaulted. The two minors by their legal guardian answered denying the execution of the contract; alleging that appellee and his family entered into possession as a tenant from month to month at a rental of $25, payable in advance, and they had no other right, title or interest in the premises. The answer set up the Statute of Frauds and alleged that no memorandum in writing evidencing the contract was signed. Upon issue being joined the cause was referred to a master to take the evidence and report his conclusions. The master recommended a decree as prayed, exceptions were overruled, a decree was entered as recommended, and an appeal has been prosecuted to this court.

Appellants insist that the contract has not been established by evidence which is clear, certain and unequivocal but leaves a reasonable doubt as to the terms and the acceptance thereof and does not disclose an adequate consideration for the contract; that the evidence does not show that appellee has sustained any substantial change for the worse in consequence of the contract and that he can be placed *in statu quo;* and that the contract is unfair, unjust, inequitable, and the enforcement thereof would result in a great hardship on appellants.

Courts of equity accept with caution evidence offered in support of a contract to make disposition of the property of a deceased person different from that provided by law and will weigh the evidence scrupulously. (*Hutton* v. *Busaytis,* 326 Ill. 453.) The contract must be reasonably certain as to the terms and the subject matter. (*Weber* v. *Adler,* 311 Ill. 547.) The evidence must be clear, explicit and convincing. (*Keller* v. *Joseph,* 329 Ill. 148.) It is not necessary that the contract be proved by a third party

who heard it made but it may be proved by declarations and conduct of the parties not in the presence of each other. (*Mayo* v. *Mayo,* 302 Ill. 584; *Fletcher* v. *Osborn,* 282 id. 143; *Kane* v. *Hudson,* 273 id. 350.) Possession must be taken in pursuance of the contract and must be exclusively referable to the contract. (*Christensen* v. *Christensen,* 265 Ill. 170.) If improvements are to be made they must be valuable in comparison with the value of the property and must be something more than a tenant would make for his own comfort who expected to occupy the property for a number of years. (*Clark* v. *Clark,* 122 Ill. 388.) The contract may be based upon services, support and care. The performance of personal services the value of which may be estimated in money or for which a recovery may be had at law will not take a contract out of the Statute of Frauds, because the law affords an adequate remedy. It is only where the Statute of Limitations bars a recovery at law, or where the improvements made or services performed cannot be adequately compensated at law, or where a failure to carry out the agreement will amount to a fraud on the promisee, that specific performance will be decreed. (*Flannery* v. *Woolverton,* 329 Ill. 424; *Stephens* v. *Collison,* 313 id. 365; *Weir* v. *Weir,* 287 id. 495; *Dalby* v. *Maxfield,* 244 id. 214.) Specific performance is not a matter of right but rests in the sound discretion of the court, to be determined from all of the facts and circumstances in evidence. (*Edwards* v. *Brown,* 308 Ill. 350; *Adams* v. *Larson,* 279 id. 268.) It is only on the principle that it is unjust and inequitable to permit a contract to remain unexecuted that a court of equity will grant relief by specific performance. (*McDonald* v. *Bartlett,* 324 Ill. 549; *Gladville* v. *McDole,* 247 id. 34.) Where the promisee shows no substantial change for the worse in his position in consequence of the agreement relief will be denied. *Snyder* v. *French,* 272 Ill. 43; *Pond* v. *Sheean,* 132 id. 312; *Edwards* v. *Brown, supra.*

To sustain the allegations of the bill appellee offered the testimony of five witnesses, namely, Mrs. J. A. Lyon, who is a sister of Minnie Schoessel; Augusta Heitman, an aunt of Minnie Schoessel; Dan and LeRoy Yager, who are the sons of appellee; and J. A. Lyon, who is the husband of the first named witness. They each testified to various conversations with Minnie Schoessel in which she told them of the arrangements which she had made with appellee substantially as alleged in the bill. Three of these witnesses also testified that she said that appellee was to take care of the place, that he was to do things for her, that he was to look after all of her affairs, and that he was to do what she wanted done. These provisions of the contract are not alleged in the bill. Some of the witnesses did not testify that she agreed to make a will leaving the property to appellee. Mrs. Lyon testified that Minnie Schoessel said she gave appellee the house. Later she asked to correct her testimony, and she testified that she meant that Minnie Schoessel would will the property to appellee. No evidence was offered by appellants as to the terms of the contract. The evidence shows that all appellee did was to sell some of his household goods and move into the house. He lived there less than three weeks prior to the death of his sister. He made no improvements and was not required to do so under the contract. He performed very little, if any, personal services for his sister, and any services which he performed were of little value and were capable of being estimated in dollars and cents, for which he could be paid. There was no substantial change in his condition by reason of the execution of the contract and its partial performance. It would not be a fraud on his rights, or unjust or inequitable, to permit the contract to remain unexecuted. In the absence of a will the property would descend to appellants, who are minors. The sister had the right to dispose of the property by will as she saw fit, but she did not see fit to make a will. The facts in evidence

do not come within the rules of law governing such contracts, and the chancellor was in error in granting specific performance.

The decree will be reversed and the cause remanded, with directions to dismiss the bill for want of equity.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Partlow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Reversed and remanded, with directions.*