On the 7th day of May, 1932, there was filled in a printed form, which is headed as being an agreement of sale, and which contained a receipt for the sum of $50 from the defendant as part payment for the property in suit owned by the complainant. The document contains a provision that "formal contract to be signed on or before May 10th, 1932. Additional money to be paid on signing of formal contract *Page 347 
$50." The document then sets forth the time for the delivery of the deed and the amount of additional cash to be paid on closing title, and provides for a purchase-money mortgage of $2,000 to run for three years with six per cent. interest. The property was to be taken subject to restrictions as agreed on by a schedule attached. At the foot of this form appears the printed name of a real estate firm as agents but there is no signature on behalf of the firm. Below this appears the following signed by the defendant: "We agree to purchase the above-mentioned property at the above price and terms." Below this again is a statement signed by complainant by its attorney agreeing to accept the above-mentioned price and terms and to pay the usual commission.
On May 10th complainant, by its attorney, submitted to defendant a form of formal contract with a letter suggesting that if any changes be necessary that the formal contract be changed accordingly. In response, several changes were suggested, some of which were acceded to and some refused. Some of these changes referred to changes in the restrictions listed in the schedule, which limited the rights of the purchaser in several important parts. Thereupon the defendant refused to consummate the transaction and the present suit was instituted. It is contended by the complainant that the document dated May 7th signed by the defendant was a complete contract and therefore enforceable, and that the formal contract was a mere giving of a new body and a fresh form to the agreement already completed. It does not seem to me that the document of May 7th was complete in itself. It expressly provides for the signature of a formal contract three days later. The necessity of this was accepted by the vendor because it did in fact submit a formal contract. There is no provision concerning default in the payment of interest or taxes in the purchase-money mortgage referred to. The attached list of restrictions contains some ambiguous language which was sought to be corrected later in the proposed formal contract.
My conclusion is that the document of May 7th was intended by the parties to be a mere temporary receipt and that *Page 348 
there remained certain matters to be fixed and determined by the formal contract which was expressly provided for. This means that the document was not to become operative until the formal contract was approved and then entered into. Hobelman v.Cavallo, 102 N.J. Eq. 243; Tansey v. Suckoneck, 98 N.J. Eq. 669; Venino v. Naegele, 99 N.J. Eq. 183.
A decree will be advised dismissing the bill and directing the complainant to return to defendant the deposit made by him.