REEVES, APPELLANT, *v.* LITTLEFIELD ET AL., RESPONDENTS.

(No. 7,483.)

(Submitted February 3, 1936. Decided February 10, 1936.)

[54 Pac. (2d) 879.]

Cause submitted on briefs of Counsel.

*Mr. Rock D. Frederick,* for Appellant.

*Mr. Ernest M. Child* and *Mr. Loyd I. Wallace,* for Respondents.

MR. JUSTICE ANDERSON delivered the opinion of the court.

This action was brought to compel the specific performance of an alleged contract for the sale and purchase of real estate. The appearing defendants demurred to the complaint of the plaintiff on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer to the complaint was by the court sustained, and plaintiff was allowed twenty

days in which to file an amended complaint. No amended complaint was filed within the time, and thereafter a judgment of dismissal of the action was entered. The appeal is from the judgment. The plaintiff has assigned error by numerous specifications, all of which raise the question of the sufficiency of the complaint to state a cause of action.

It is alleged in the complaint that the defendant Ruth Littlefield was on April 14, 1934, and until sold by her, the owner and in possession of a certain lot in the townsite of Whitefish, Montana. The alleged contract, if any, was the result of correspondence between the plaintiff and the defendant Littlefield, the latter residing in Spokane, Washington, and the plaintiff at Whitefish, Montana. The letters which it is asserted amount to the contract of which it is sought to secure specific performance are set out at length in the complaint. It appears from them that on March 26, 1934, the defendant Ruth Littlefield wrote the plaintiff making an offer to sell ''my building.'' It appears from her letter that some correspondence or negotiations had theretofore been had between these parties which had not resulted in the making of a bargain. After referring to these matters in the letter of that day, she wrote: ''I have reconsidered and will now make you this offer. Price $900.00, $75.00 to $100.00 down, payments $20.00 per month with interest at 6%.'' On March 30 following, the plaintiff wrote to the defendant Littlefield acknowledging the receipt of the letter, but did not accept the offer. On April 7 defendant Littlefield wrote to the plaintiff, wherein she informed him that a proposition to lease her building had been submitted to her, and expressing a desire on her part to sell rather than rent, and requested that plaintiff let her hear as to whether he was interested. Thereafter, on April 11, in response to this letter, plaintiff wrote:

''Your letter of the 7th received yesterday and note what you say in regards to your building.

''I have decided to accept your offer and terms, as outlined in your letter of March 26th. Namely:

"Purchase price $900.00; $100.00 down payment and the balance to be paid in monthly installments of $20.00 with 6% interest on deferred payments.

"Inclosed herewith is my check for $10.00, balance of $90.00 to be paid May 1st when the papers are drawn up.

"You can have Mr. Neville make up the contract and attend to your end of the deal, as you like.

"You can notify me how you want to close the deal if you do not care to come to Whitefish."

On April 14 Mrs. Littlefield wrote as follows: "I received your letter and your check for $10.00. Thank you very much. I have written Mr. Neville and he will take care of my end of the deal for me."

It is alleged in the complaint that thereafter, on April 19, 1934, the defendant Littlefield returned to the plaintiff his down payment of $10, and stated to him that she had reconsidered the proposition of selling the real estate. Thereafter it is alleged that she sold the property and conveyed it to the defendants Thompson and Roberts, who took the property with actual notice of the agreement. The property is not described other than in the first letter it is described by the defendant Littlefield as "my building," and she refers to the fact that her agent, Mr. Neville, had been taking care of her interests in Whitefish. In her letter of April 7 she states that she has just received a letter from Mr. Neville regarding "my building on Central Avenue."

As we understand the contentions of respective counsel, the only particulars in which it is asserted the complaint is deficient is a description of the property, and that the alleged contract is otherwise so indefinite and uncertain as to be incapable of forming the basis of a decree of specific performance. For this reason we shall not notice the other allegations of the complaint. The prayer was for specific performance of the alleged contract and for damages for the use of the property from May 1, 1934.

Section 8720, Revised Codes 1921, provides: "The following ▮▮▮▮ obligations cannot be specifically enforced." Subdivision 6 thereof reads as follows: "An agreement, the terms of which are not sufficiently certain to make the precise act which is to be done clearly ascertainable." Much argument is found in the briefs on behalf of the defendants to the effect that the description of the property is insufficient, and on behalf of the plaintiff it is asserted that the description is sufficient in the light of the allegations of the complaint which could be sustained by extrinsic proof. In view of our conclusions with reference to the other contention, we refrain from expressing an opinion on this question, as it is unnecessary to a decision.

It will be noted that in the letter of April 11 plaintiff wrote: "You can have Mr. Neville make up the contract and attend to your end of the deal." In response to this letter on April 14 defendant wrote: "I have written to Mr. Neville and he will take care of my end of the deal for me." The alleged contract, as disclosed by the series of letters, as to in what manner the future transactions should be handled, is silent in the following particulars: No mention was made as to whether the property was to be conveyed by deed and a mortgage given as security for the deferred payments, or a contract retaining title in the vendor, or a conveyance of the property outright with no security. Nothing was said about when plaintiff was to secure possession of the premises. If a contract retaining title in the vendor until all the payments were made was in contemplation of the parties, nothing was said as to the remedies available in the event of default in payment by the purchaser. No mention is made of taxes or insurance on the building. No time was specified when the interest shall be payable, whether annually, monthly or after all of the payments on the principal had been made. No place of payment is suggested in any of the correspondence. It is manifest from the correspondence that the parties contemplated the making of a future contract which, doubtless, would include many provisions relating to the subjects

which we have suggested, about which the correspondence was altogether silent.

In the case of *Monahan* v. *Allen,* 47 Mont. 75, 130 Pac. 768, 771, this court quoted with approval from the decision in the case of *Long* v. *Needham,* 37 Mont. 408, 96 Pac. 731, as follows: "An agreement to be finally settled must comprise all the terms which the parties intended to introduce into the agreement. An agreement to enter into an agreement upon terms to be afterward settled upon between the parties is a contradiction in terms. It is absurd to say that a man enters into an agreement till the terms of that agreement are settled." This statement was again approved by this court in the case of *Kofoed* v. *Bray,* 69 Mont. 78, 220 Pac. 532.

The rule as announced by our statute requiring contracts to be certain before a decree of specific performance will be awarded is the rule everywhere; and it must not only be certain but it must be complete. (See Pomeroy's Specific Performance, 3d ed., 376; note, 65 A. L. R. 102, where numerous cases from the various states are collected, announcing and approving this fundamental rule.)

In 25 R. C. L. 219 it is written: "The requirement of certainty as to contracts in order that they may be specifically enforced extends not only to the subject-matter and purpose of the contract, but to the parties, consideration, and even the place and time of performance where these are essential." Some courts, in fact many of them, have recognized what may be said to be an exception to this rule, that, where a contract has been partly performed by the plaintiff and the defendant has received and enjoyed the benefits thereof, and the plaintiff would be virtually remediless unless the contract was enforced, the court from plainest considerations of equity and common justice will not regard with favor objections that the contract is incomplete or uncertain. (Pomeroy on Specific Performance, 3d ed., 378.) The case of *Edwards* v. *Tobin,* 132 Or. 38, 284 Pac. 562, 68 A. L. R. 152, represents the application of the attitude of courts in circumstances to which we have just referred. How-

488

ever, the situation here is not within what we have termed an exception to the general rule, for the reason that plaintiff did not go into possession of the premises, and defendants have not accepted any of the benefits of the contract; nor need we now consider whether, in view of our positive statute, we would recognize this exception in a proper case.

It is generally held that, where the parties by their memorandum or series of letters indicate that another contract is to be entered into which will embody the precise terms on which they have agreed, or as to which they will agree, the contract is not sufficiently complete or certain to form the basis of an action for specific performance. (*Kofoed* v. *Bray,* supra; *Ansorge* v. *Kane,* 244 N. Y. 395, 155 N. E. 683; *Sander* v. *Schwab,* 315 Ill. 623, 146 N. E. 509.) In the early California case of *Smith* v. *Taylor,* 82 Cal. 533, 23 Pac. 217, 218, it was said of a contract there under consideration: "It was also indefinite, ambiguous, and uncertain, in that it did not allege as to how or when conveyance of title was to be made; also, as to how the deferred payments were to be evidenced or secured; also, as to the assumption of mortgages. It is a well-settled rule that if the contract is vague and uncertain the court will not decree a specific performance, but will leave the party to his remedy at law." (See, also, to the same effect, *Magee* v. *McManus,* 70 Cal. 553, 12 Pac. 451.)

In the case of *Venino* v. *Naegele,* 99 N. J. Eq. 183, 131 Atl. 895, the memorandum recited the receipt of a deposit on the purchase price, described the property accurately, and stated the total purchase price. It specified the manner of payment and the rate of interest and the time when the interest was to be paid, but it provided in conclusion that a contract was to be drawn up and signed within the next few days. The Vice-Chancellor in commenting on the contract under consideration observed: "In the document under examination it will have been observed that many of the usual provisions of contracts for the purchase and sale of real estate are omitted. As was pointed out in the opinion in the *Tansey Case* [98 N. J. Eq. 669, 130 Atl. 528], it does

not disclose what all the terms of the formal agreement were to be; neither does it specify whether or not it was to contain provisions for default of payment of interest and taxes. No mention is made of the character of deed by which the title was to be conveyed. These defects I feel are fatal to the complainant's suit.'' On appeal the case was affirmed without further opinion. (100 N. J. Eq. 357, 134 Atl. 920.)

Counsel for the plaintiff argues that this case cannot be distinguished from that of *Long* v. *Needham,* supra, wherein the specific performance of a contract was directed which was based on a series of letters and telegrams; but there it will be observed that the price was agreed upon and the amount of the down payment, and also the letter which contained the terms of the sale provided that the contract, together with the deed, was to be placed in escrow until the entire purchase price was settled. The owner of the land responded to a letter making this proposition, accepting it and selecting a bank in which the papers were to be deposited. The offer and acceptance there amounted to a complete and certain contract, whereas here the contract lacks both completeness and certainty. If the court on the basis of the contract as alleged were to attempt to award a decree of specific performance, what would the court direct should be incorporated within the contract with reference to the various provisions on which the contract as evidenced by the letters is silent? When would the court direct the execution of the conveyance? What could it provide in the contract with reference to the failure of the purchaser to make his payments or to pay the interest? When would the court direct the surrender of possession by the defendant to the plaintiff—when the down payment of $100 was made or when all the payments contemplated in the offer were finally made? These questions indicate the absolute inability of the court, on such a contract, to enter a decree of specific performance, for the court could not direct the execution of a contract or conveyance as agreed by the parties, but would of

490

necessity have to make a contract for them. This courts will not do.

The series of letters set forth in the complaint do not reveal a contract sufficiently complete and certain to be the basis of a decree of specific performance. The complaint, therefore, did not state a cause of action for the relief sought. The trial court properly sustained the demurrer to plaintiff's complaint. Plaintiff's remedy, if any, is an action for damages.

Judgment affirmed.

MR. CHIEF JUSTICE SANDS and ASSOCIATE JUSTICES MATTHEWS, STEWART and MORRIS concur.