The defendant appeals from a judgment for $500, in favor of the plaintiff, which was entered in the District Court upon a directed verdict.
Plaintiff and defendant had signed a printed form of contract for the sale of real property, in which certain blanks were filled in, certain blanks were unfilled, certain changes were made in the printed words of the conditions, and the following insertion was made: "Possession of premises on closing not before June 1, 1948 — By Warranty Deed — Subject to a formal contract — Electric Refrigerator not included in sale." After correspondence and conferences, it became evident that the parties could not agree on the terms and conditions of the formal contract. The defendant then tendered to the plaintiff a formal contract, drawn by his lawyer, which the plaintiff refused to sign. This formal contract did not *Page 77 
conform to the original writing. It made substantial changes in the agreed conditions of the original writing, and the changes were to the advantage of the defendant and to the detriment of the plaintiff. Thereafter, plaintiff instituted suit for the $500 deposit made by her at the time of signing the original writing.
The appellant argues that the trial court erred in admitting the plaintiff's testimony as to the meaning of the written instrument. The plaintiff was permitted to testify, not as to the meaning of the written instrument, but only as to the circumstances surrounding the execution of the writing, and this was proper. The fact that parties negotiating a contract contemplated that a formal agreement should be prepared and signed, is some evidence that they did not intend to bind themselves until the agreement was reduced to writing and signed. But, nevertheless, it is always a question of fact, depending upon the circumstances of the particular case, whether the parties had not completed their negotiations and concluded a contract, definite and complete in all its terms, which they intended should be binding and which, for greater certainty, or to answer some requirement of the law, they designed to have expressed in some formal written agreement. Wharton v.Stoutenburgh, 35 N.J. Eq. 266 (E. A. 1882).
Appellant argues that there was error in the refusal to nonsuit the plaintiff; in the refusal to direct a verdict in favor of the defendant; and in the direction of a verdict in favor of the plaintiff. The defendant grounds his argument on the contention that the writing signed by both parties represented the complete and final agreement between them; that the contract was complete in all its essential and material terms; and that the parties intended that it would be obligatory. The uncontradicted testimony was that the plaintiff did not intend to be bound until a satisfactory mortgage could be arranged, and the defendant did not intend to be bound by the description of the premises contained in the writing. Furthermore, the formal contract tendered by the defendant, containing substantial variations from the conditions of the original writing, undermines his present contention. *Page 78 
Defendant argues that the court erred in not referring the matter to the jury. From the evidence it was clear that neither plaintiff nor defendant intended to be bound until the signing of the formal contract. The proofs as to this were not in conflict and consquently the court was correct in directing a verdict for plaintiff.
The judgment under appeal is affirmed.