The defendant appeals from a judgment entered in the Superior Court, Chancery Division, requiring the defendant to specifically perform an agreement for the sale of real property.
The plaintiffs and the defendant entered into an agreement entitled "Agreement to Purchase Sell" which described the premises, fixed the price at $6,000, and recited that $300 was paid "As deposit on acount of purchase." $300 was to be *Page 18 
paid "on signing of Contract" and the balance of $5,400 was to be paid "on closing of Title." It provided that a warranty deed was to be delivered on or before June 30, 1945, subject to restrictions of record; that all taxes, rents and insurance premiums were to be adjusted as of closing of title; and that the premises were to be delivered free and clear of all encumbrances. Then followed:
"Agree to purchase the above mentioned property at the above terms and price.
NORVAL BURLEW (signed) Witness ____ ANNA BURLEW, his wife (signed)
Agree to accept the above mentioned price and terms for the sale of my property and agree to pay Carlsen Co. Inc. a commission of 5% of the selling price on delivery of Title.
SARAH HEPPS (signed) Witness I.L. LOGAN (signed)
This deposit of $300.00 is made subject to the purchaser procuring a first mortgage of $4000.00; contract to be executed and mutually exchanged on or about the 4th day of May, 1945."
The defendant had her attorney examine the agreement before she signed it, and she accepted the deposit of $300 in the form of a cashier's check. Prior to May 4, 1945, the date fixed for the execution of the contract and the payment by plaintiffs of an additional $300, the defendant notified the plaintiffs that she was unable to enter into the contract and tendered the return of the $300 check. Thereafter, her attorney notified the plaintiffs and the broker that the defendant "is unable to enter into any contract at this time pertaining to the sale of the property because of the physical condition of her sister" and sought instructions as to where the deposit check should be sent. The defendant sent the deposit check to the plaintiffs the following August, and on August 17, 1945, the plaintiffs instituted this suit for specific performance. The plaintiffs called upon the defendant to deliver title and were ready, able and willing to make payment of the purchase price.
The defendant contends that the memorandum in this case cannot be enforced, because (1) the contract referred to in *Page 19 
the memorandum was never signed nor tendered, (2) the $300 to be paid on the signing of the contract was never paid nor tendered, and (3) the $300 deposit was returned to the plaintiffs. She argues that these facts clearly distinguish this case from others in which specific performance has been decreed and bring it clearly within the rule set forth in Tansey v. Suckoneck,98 N.J. Eq. 669 (E. A. 1925); Venino v. Naegele,99 N.J. Eq. 183 (Ch. 1926); affirmed, O.B., 100 N.J. Eq. 357 (E. A. 1926); Hobelman v. Cavallo, 102 N.J. Eq. 243 (E. A.
1928); and Crescent Hill, Inc., v. Ressler, 116 N.J. Eq. 346
(Ch. 1934).
The fact that parties negotiating a contract contemplated that a formal agreement should be prepared and signed, is some evidence that they did not intend to bind themselves until the agreement was reduced to writing and signed. But, nevertheless, it is always a question of fact, depending upon the circumstances of the particular case, whether the parties had not completed their negotiations and concluded a contract, definite and complete in all its terms, which they intended should be binding and which, for greater certainty, or to answer some requirement of the law, they designed to have expressed in some formal written agreement. Wharton v. Stoutenburgh, 35 N.J. Eq. 266
(E. A. 1882); Vilalta v. Larson, 4 N.J. Super. 75 (App.Div. 1949); Cf. Pomeroy's Specific Performance of Contracts,
3rd ed., § 63; 1 Williston, Contracts, §§ 28, 28A;Restatement, Contracts, § 26. In applying the rule, however, a difficult question of fact may arise, whether the parties have finally assented to terms which they have agreed shall be embodied in a formal document, or whether they have simply agreed that a document shall be prepared to the terms of which their assent must thereafter be given. Pomeroy's Specific Performanceof Contracts, above.
Had it not been for the inclusion in the agreement of the language "Contract to be executed and mutually exchanged on or about the 4th day of May, 1945" there could be no question about the plaintiffs' right to have the agreement specifically enforced. The agreement contained every essential *Page 20 
element of a contract for the purchase of land, it was reduced to writing, and it was signed by the parties. Since there was no evidence that the parties left open any matter to be the subject of further negotiations, and the agreement contains nothing to suggest any such intention, we conclude that the provision for the execution and exchange of a formal contract on May 4, 1945, was injected merely for the purpose of having the terms of the agreement expressed in a formal contract. Cf. Monahan v.McElligott, 136 N.J. Eq. 306 (Ch. 1944); affirmed,137 N.J. Eq. 176 (E. A. 1945). "A contract may be concluded and binding, although, by its very terms or by a collateral stipulation, something more is to be done in order to carry out the intention of the parties, but still there is nothing conditional or ambiguous in the mutual assent. It is, therefore, a settled rule that if an agreement has been actually concluded, it is nevertheless binding, * * * although it may be an express term that a formal agreement shall be prepared and signed by the parties." Pomeroy's Specific Performance of Contracts, above.
The fact that the plaintiffs never signed nor tendered a formal contract and never paid nor tendered the additional $300 to be paid on the signing of the contract, can be of no aid to the defendant, because the defendant, by her actions, made it clear that they would be useless gestures. The plaintiffs did all that was required of them when they notified the defendant that they were ready, able and willing to make payment of the purchase price and called upon her to deliver title.
The cases cited by the defendant are not to the contrary. In the Tansey case the paper writing was on its face preliminary and not final, and by its very language indicated that other features left unsettled were to be settled by further negotiation. In the Venino case the memorandum did not contain all the particulars of the transaction that was contemplated by the parties. In the Hobelman case the writing, which was in the form of a receipt, was on its face preliminary and not final and the bargain had not been completely determined between the parties and its terms definitely ascertained. *Page 21 
In the Crescent Hill, Inc., case the writing relied on contained some ambiguous language and, in addition, the complainant acted on the assumption that the memorandum was not complete in itself but that there remained certain matters to be fixed and determined by the formal contract.
The judgment under appeal is affirmed.