

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-24-2009

# McDonnell v. Engine Distr

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3957

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"McDonnell v. Engine Distr" (2009). *2009 Decisions*. Paper 1828.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1828

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-3957

JOHN J. McDONNELL

v.

ENGINE DISTRIBUTORS,
                                        Appellant

On Appeal from the United States District Court
for the District of New Jersey
D.C. Civil Action No. 03-cv-1999
(Honorable Joseph H. Rodriguez)

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 26, 2009

Before:  SCIRICA, *Chief Judge*, AMBRO and SMITH, *Circuit Judges*.

(Filed: February 24, 2009)

OPINION OF THE COURT

SCIRICA, *Chief Judge*.

John McDonnell brought suit against his former employer, Engine Distributors,

alleging age discrimination in connection with his termination.  On the day of trial, the

parties informed the court they had reached a settlement.  But when they later attempted

to memorialize their agreement in writing, they reached an impasse. McDonnell then sought and obtained an order from the District Court enforcing the alleged oral settlement agreement. Engine Distributors filed a motion for reconsideration, contending there was never a settlement agreement. According to the employer, the parties had not shared a common understanding of the agreement's essential terms, so there had never been a meeting of the minds.

The court held a hearing and heard testimony from Glenn Cummins, Jr., President of Engine Distributors, and Mark Cimino and Allen Etish, the attorneys who represented, respectively, McDonnell and Engine Distributors during the settlement negotiations. After evaluating the credibility of the various witnesses, the court found that the attorneys had reached a settlement agreement, that the agreement did not exclude any essential terms, and that Cummins, on behalf of Engine Distributors, had granted Etish both actual and apparent authority to conclude the agreement. Accordingly, the court entered judgment pursuant to the terms of the oral agreement. Engine Distributors filed this timely appeal.[1]

Under the New Jersey law governing our analysis, a settlement agreement is a type of contract. *Mortellite v. Novartis Crop Prot., Inc.*, 460 F.3d 483, 492 (3d Cir. 2006). The formation of an enforceable contract is a question of fact. *See Burlew v. Hepps*, 69

---

[1] The District Court exercised jurisdiction under 28 U.S.C. § 1331. We have appellate jurisdiction under 28 U.S.C. § 1291.

A.2d 579, 580 (N.J. Super. Ct. App. Div. 1949). As both parties acknowledge, we review the District Court's factual findings for clear error.[2]

Engine Distributors has failed to identify any such deficiencies here. Its main contention is that Cummins had always assumed any settlement agreement would include a "non-compete" provision, and that his assent to the agreement was conditioned on this (mistaken) assumption. The District Court disagreed. Crediting Etish's testimony about the details of the agreement, including Cummins's involvement in the negotiations, the court concluded Cummins had been aware that the oral agreement reached by the attorneys did not contain a non-compete clause.

Engine Distributors disputes this factual finding, pointing to portions of Etish's testimony the court supposedly overlooked or rejected. Etish testified that Cummins had protested upon learning that the proposed memorialization did not contain a non-compete provision, insisting he had always believed such a provision to be part of the agreement. Additionally, Etish testified he had come to believe Cummins had always assumed the agreement contained a non-compete clause. Noting that the District Court expressly

---

[2] Clear error exists only where factual findings "are unsupported by substantial evidence, lack adequate evidentiary support in the record, [or] are against the clear weight of the evidence[,] . . . where the district court has misapprehended the weight of the evidence . . . [or where,] although there is evidence to support [a factual finding,] the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. 6.45 Acres of Land*, 409 F.3d 139, 145 n.10 (3d Cir. 2005) (internal quotations omitted).

3

found Etish credible while disbelieving Cummins, Engine Distributors argues the court erred in selectively rejecting or ignoring these portions of Etish's testimony.

Even assuming that a general finding of credibility compels a court to accept as true every aspect of a witness's testimony—a proposition we do not endorse—this testimony does not undermine the District Court's finding. Etish testified that, during the relevant portion of the settlement negotiations, neither Cummins nor he had ever mentioned a non-compete provision as a possible term. Moreover, given the history of settlement negotiations, Etish thought it was obvious from the dollar amount that the agreement did not contemplate this provision. In other words, McDonnell would have demanded a larger payment in exchange for a promise not to compete with his former employer. Based on this testimony, the District Court reasonably determined Cummins had known the agreement contained no such clause. At best, Engine Distributors has demonstrated that a contrary finding might be reasonable on this record. But "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 574 (1985). Moreover, even if we were to reject the District Court's finding that Etish had actual authority to conclude the oral agreement, Engine Distributors does not dispute the court's finding of apparent authority, which is independently sufficient to create an enforceable settlement. *See Wilzig v. Sisselman*, 506 A.2d 1238, 1243-44 (N.J. Super. Ct. App. Div. 1986).

Engine Distributors also argues that the agreement was unenforceable because it lacked essential terms, relying chiefly on the parties' subsequent inability to agree on a written memorialization. But the admitted fact that the parties could not agree on additional terms does not mean they had not earlier formed an agreement based on the three terms identified by the District Court: a monetary payment of definite amount, a non-disclosure clause, and a non-disparagement provision. The District Court found that, whatever other expectations the parties may have harbored, they agreed to be bound by these three terms, and no essential terms were excluded.[3] The record evidence supports this conclusion.

Engine Distributor's other arguments were adequately addressed by the District Court's thorough and well-reasoned opinion. Accordingly, we will affirm the judgment of the District Court.

---

[3] This case is thus distinguishable from those in which, for example, the parties agreed in principle to a monetary settlement but left the amount unspecified. In those circumstances, an essential term might well be missing.